PERKINS, administrator, *v.* MORGAN.

Under the pleading and the evidence in the record, the finding that the fund in controversy was the produce of tie-timber, as distinguished from saw-timber, was incorrect, there being no evidence to vary or contradict the inference, arising from the so-called bill of interpleader, to the effect that all the timber which produced the fund was twelve inches or more in diameter at the stump, and the interpleader being the basis of the special reference to the court, which was made by consent in order that the whole case might be decided by the judge without a jury.

April 17, 1893. Argued at the last term.

Before Judge ROBERTS. Pulaski superior court. November term, 1891.

W. L. GRICE, for plaintiff in error.

MARTIN & SMITH, *contra*.

BLECKLEY, Chief Justice.

The persons composing the firm of Thompson & Co. were sued individually by Morgan for trespass upon certain land and cutting and carrying away pine trees therefrom. Pending this suit an action was brought against them as a partnership by Perkins, administrator of Perkins deceased, on an account for trees sold by the administrator to the defendants and cut by them from the same land, being all the saw-timber thereon meas-

uring twelve inches, and over, in diameter. To the latter action the defendants filed an equitable plea setting up that they had bought from the agent of the administrator all of the timber on the lot, measuring twelve inches and over, agreeing to pay for it $225.00, and under the contract they proceeded to cut the timber and while cutting it were notified by Morgan not to pay over the money to any one but him, as he claimed and owned the land and timber; that they were also notified by Perkins not to pay over the money to any one but him. They alleged that they were stakeholders and ready at all times to pay over the money to the proper and lawful owner. They prayed that Morgan be made a party to this suit, that he be enjoined from proceeding with his action, and that he and Perkins be required to interplead. By consent of all parties, including Morgan, this plea was filed and allowed. Morgan was made a party and enjoined as prayed for. Perkins answered, setting forth his claim to the fund and calling upon Morgan for discovery, propounding to him certain interrogatories which Morgan answered. In order that the whole case might be heard by the presiding judge without a jury, it was referred to him by consent of parties, and he awarded the money in controversy, $225.00, to Morgan. Perkins moved for a new trial, and the motion was overruled, the order overruling it indicating as a reason for the judgment that Thompson & Co. did not cut any mill-timber off the lot of land in controversy, but did cut the tie-timber belonging to Morgan.

The basis of the special reference to the judge and of the trial thereon which followed was the bill of interpleader, so-called, contained in the equitable answer of Thompson & Co. The irresistible inference arising from the language of this answer is, that the fund touching which they invited Perkins and Morgan to interplead was produced wholly and exclusively from tim-

ber measuring twelve inches or more in diameter at the stump. No evidence to vary or contradict this inference appears in the record, although there is evidence that all the timber cut was tie-timber. It being tie-timber did not prevent it from being mill-timber also, if it was twelve inches in diameter at the stump, for the written contract between Morgan and Perkins deceased, embraced "all of the saw-timber measuring twelve inches, and over, in diameter at the stump." No witness testified that any of the timber which produced the fund did not fulfill this description, or that any of it was not mill-timber or saw-timber. No doubt it was adapted to use for cross-ties and it may all have been cut and used for that purpose, but this would not negative its character as saw-timber, the sort of timber which Morgan had sold to Perkins deceased, and which the administrator of Perkins had sold to Thompson & Co., and for the price of which the suit by the administrator against them was brought. If the fund in the hands of Thompson & Co. was not produced by that kind of timber, the interpleader was wholly unfounded. Why should the administrator and Morgan interplead touching the proceeds of timber which was not saw-timber, for the administrator had not claimed or sold any other sort or sued for its price. On the contrary Morgan did claim that the 'sale of saw-timber which he had made to Perkins deceased, was not binding upon him as to any such timber as was not cut within a given time. This furnished a ground for interpleading with the administrator of Perkins deceased, if the fund in the hands of Thompson & Co. was the proceeds of saw-timber cut after that time, but if it was the proceeds of such tie-timber as was not also saw-timber, it afforded no grounds of interpleading, no matter when the timber was cut. The real controversy between Morgan and the administrator seems to have been left untouched, if the

reason given by the court for denying a new trial was the reason on which the finding in favor of Morgan was based, and no doubt it was. Taking this view of the matter, the case should be remanded in order that the real controversy may be met and determined.

*Judgment reversed.*