No. 6.—EUSEBIUS SLAYTON, plaintiff in error, *vs.* THOMAS M. JONES, defendant in error.

[1.] When a judgment is transferred, and the *fi. fa.* levied on property, and a claim interposed, the assignee and not the original plaintiff, is the proper party to a writ of error.

Claim, in Fayette Superior Court. Tried before Judge HILL, March Term, 1853.

A preliminary motion was made to dismiss the writ of error, upon the ground, that no notice of the certifying and filing the bill of exceptions, had been given to the defendant in error.

The facts were, that a *fi. fa.*, issued in favor of Thomas M. Jones, against John T. Davis, had been transferred, in writing, by Jones, to William J. Russel. The *fi. fa.* was then levied upon a lot of land in Fayette county, as the property of Davis, which was claimed by Usebius Slayton. The Jury found the property subject to the *fi. fa.* Slayton, the claimant, filed his bill of exceptions, and served Thomas M. Jones with a notice of the signing and filing the same, but did not serve Wm. J. Russell.

Slayton, in his claim affidavit, describes the *fi. fa.* as one " in favor of Thomas M. Jones *vs.* John T. Davis and John W. Davis, and now (at the time of the making of the affidavit,) controlled by Wm. J. Russell, assignee".

TIDWELL & FULLER, for the motion.

HINES, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

[1.] " It shall and may be lawful for the plaintiff in any judgment or execution, to sell or transfer the same, by written assignment or control, and said sale or assignment shall not be considered a discharge or satisfaction of said execution; but the assignee may proceed to collect the same, for his own use, in as full and ample a manner as the plaintiff could have done, if no such transfer or assignment had been made".— This is the first section of the Act of 1829, to authorize the assignment of judgments and executions. (*Pr. Dig.* 464.)

Under this Law, Russell, by the assignment, stepped into the place of the assignor, Jones; and Jones became disconnected with the *fi. fa.*

Slayton, when he entered his claim, knew of this assignment.

Russell, therefore, was clearly the plaintiff in the claim case; and for that reason, he, instead of Jones, should have been served with the notice.

No notice of any sort having been served on him, it is obvious that the motion must be sustained, and the case be dismissed.