## SLUDER vs. BARTLETT.

1. Although this court disapproves of the practice of incorporating original papers in the brief of evidence filed with a motion for new trial, yet where counsel for defendant in error have agreed in writing to such use, and the brief thus made has been approved by the presiding judge, the writ of error will not be dismissed. Parties who have agreed to such use of the records stand in *pari delicto* with those so using them, and cannot urge its illegality, on a motion to dismiss the writ of error.

(*a.*) The papers are identified by the approval of the presiding judge, the transcript of the record certified and sent up to this court is regular, and it is doubtful if this court can go beyond this in discovering irregularities. The transcript on which the case is tried being full and apparently regular, the presumption is in favor of the court below.

2. Where one claims to be a *bona fide* purchaser with four years' possession, in order to relieve land from the lien of a judgment, the fact that he purchased with notice of the judgment does not constitute him a wrong-doer. He may be, notwithstanding this knowledge alone, a *bona fide* purchaser. Yet this may be looked to, in connection with other facts, in determining whether the purchase be *bona fide* or not.

(*a.*) If it be shown that such purchase was made to hinder, delay and defraud the creditor, or the circumstances show that such purchase was not made in good faith, but for the purpose of taking an undue advantage of the creditor, then he would not be a *bona fide* purchaser; but when a valuable consideration has been paid for the property, and the purchaser has entered into possession of the same as his own, and held for four years, then it is discharged from the lien of any judgment against the person from whom he purchased, notwithstanding the purchaser may have known of the existence of the judgment.

April 8, 1884.

Practice in Supreme Court. Records. *Bona Fides.* Statute of Limitations. Vendor and Purchaser. Before

Sluder vs. Barllett.

Judge CLARKE. Jasper Superior Court. October Term, 1883.

On October 28, 861, Bartlett recovere a judgment against Colbert Jeffries, J. T. Wyatt and John W. Wyatt. In 1873, Jeffries desired to go into bankruptcy, and employed Messrs. Key & Preston to conduct his case. Being unable to pay them in money, he offered to convey to them 100 acres of land; they were at first doubtful about taking the land, but after investigating and submitting the matter to the register in bankruptcy for his advice, and receiving his expression of approval and statement that the conveyance would be good, the deed was made. They testified that this was in the utmost good faith, and with no intention of defrauding anybody. Key & Preston, however, knew of the existence of the Bartlett judgment. This transaction was returned in Jeffries's schedule; it was made a ground of objection by a creditor, and the same was overruled. Plaintiff, Bartlett, knew of the conveyance in the fall of 1873. In that year the *fi. fa.* was levied on 600 acres of land, more or less, which plaintiff supposed was all of Jeffries's land. This levy was enjoined by the United States court, and was kept under injunction until 1878. One witness testified that he thought the levy covered all the land; thought it would cover this hundred acres under the terms " more or less." Other witnesses testified that the levy then made did not cover the land in dispute; and the court, construing the levy, so ruled. Key & Preston went into possession of the land now in controversy after their purchase in 1873, and remained in open, notorious, peaceable, continuous and adverse possession from then until December, 1878, when they sold to Sluder. Key & Preston testified that they believed they had a good title, and placed improvements upon the land. After the sale to Sluder, in December, 1878, this *fi. fa.* was levied upon the land, and Sluder interposed a claim. He knew of the debt to Bartlett, and was the as-

signee of Jeffries, but testified that he did not know of the judgment. Whether or not he knew of the judgment of plaintiff, there was some conflict. Under the charge of the court, the jury found the property subject. Claimant moved for a new trial, on the following grounds:

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court charged the jury that, "If the purchaser showed that, although he knew of the lien (meaning plaintiff's judgment), he made with the plaintiff satisfactory arrangements to secure the plaintiff's claim, that would vindicate the purchaser from the charge of fraud. But when it is shown that he bought with notice of the judgment lien, he cannot relieve himself of the appearance of legal fraud till he shows some conduct of the plaintiff, or his agent, which, in equity, would deprive the plaintiff of his right to enforce his lien, or something on his part towards the plaintiff in recognition and fair allowance of his rights."

(3.) Because the court charged as follows: " In the present case, gentlemen, the claimant admits that Key & Preston bought from the defendant in *fi. fa.* with full knowledge of the judgment of the plaintiff on this land. But he claims that they did not intend to commit a moral fraud or wrong on the plaintiff, when they bought; that they believed that they were getting a title which would prevail over the plaintiff's known lien; that they examined the law books and believed the law to make their purchase defeat the lien; that they afterwards consulted the register in bankruptcy, and he advised them that their title would be good against such liens; that they had the defendant to state in his bankrupt schedule the fact of his sale of this land to them for their fees in said bankrupt case; that the assignee never took charge of this land; that they, the purchasers, acted openly and without concealment or deceit. But I charge you that, even if all of these propositions are true, they do not free the purchase by them from the defendant, with actual knowledge of

plaintiff's lien, from the charge of legal fraud. If, then, gentlemen, Key & Preston bought from defendant in *fi. fa.* with full knowledge of the lien of plaintiff, as claimant admits, and if they have shown no other proofs of their good faith but such as I have stated, you ought to find by your verdict that they, Key & Preston, were not *bona fide* purchasers, and were not protected by four years' possession before levy from the judgment lien proceeding in this case."—This charge was excepted to as being contrary to the law and the decisions of the Supreme Court, and not authorized by the evidence, and on the ground that there was further proof of acts of good faith than those upon which the court based his conclusions in this part of the charge, and not covered by any part of his charge to the jury.

(4.) Because the court erred in all that part of his charge in which he submitted, as the law as to the. *bona fides* of the purchasers, that no person who purchased with actual notice of the lien of a judgment could be a *bona fide* purchaser, unless he could show either some conduct of plaintiff, or his agent, which, in equity, would deprive him of the right to enforce the lien, or by his own acts in the transaction he recognized fully the right of such lien creditor to collect out of such property his debt or claim, and that such acts were the only acts meant by the Supreme Court in the "late decision" referred to by the court in his charge, "being in good faith towards the plaintiff."

(5.) Because the court charged that "mere waiting on the *fi. fa.* by the plaintiff was not such conduct, on his part, as to deprive him of the right to proceed on his *fi. fa.* His waiting did not wrong the plaintiff."

The motion was overruled, and claimant excepted.

The facts as to the motion to dismiss are stated in the first division of the decision.

KEY & PRESTON; J. H. LUMPKIN, for plaintiff in error.

G. T. & C. L. BARTLETT, for defendant.

BLANDFORD, Justice.

1. The defendant in error moved to dismiss this writ of error, upon the ground that certain original papers and documents, offered in evidence by plaintiff in error on the trial, were incorporated in the brief of evidence filed on the motion for new trial, and that copies of the same were not so incorporated. Upon this brief of evidence was the following agreement:

"It is hereby agreed that the within brief of evidence is a true and correct brief of the evidence, and contains the original papers, which we hereby consent shall be used. October 27, 1883.

(Signed)       G. T. & C. L. BARTLETT,
            *Plaintiff's Attorneys.*"

"Approved as a brief of the evidence, and ordered filed, October 27, 1883.          J. T. CLARKE,
         *J. S. C. P. C., presiding.*"

However much we disapprove the practice of incorporating original papers and documents in a brief of evidence, and the practice cannot be too severely condemned, in this case we do not think that defendant in error is in a position to aver against it. He consented to the use of the original papers in the manner in which they were used. He stands in *pari delicto,* by having consented to the use made of the original papers by plaintiff in error, and cannot urge its illegality in this motion to dismiss the writ of error. However wrong the plaintiff in error may have been, this wrong was participated in by defendant in error. The parties are equal in whatever wrong was done.

But we know of no case where the writ of error was dismissed, under circumstances similar to the one at bar. See *Baldwin vs. Daniel,* 69 *Ga.,* 782; 30 *Ga.,* 674. The papers are identified by the approval of the presiding judge. The transcript of the record, certified and sent up to this court, is regular, and we doubt if we can go beyond this in discovering errors and irregularities. The case is tried here upon a transcript of the record; if that is full

and apparently regular, then we are to presume that the court below did all things right and proper. So we think the motion to dismiss this writ of error should be over-ruled.

2. The main question in this case arises upon a construction of section 3583 of the Code, which is: " When any person has *bona fide*, and for a valuable consideration, purchased real or personal property, and has been in possession of such real property for four years, or of such personal property for two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased."

Is a person who purchased said property, with knowledge of a judgment against the person from whom he purchased, a *bona fide* purchaser, within the meaning of the statute ? We think so. The fact that a purchaser had knowledge of the judgment against his vendor, does not constitute the purchaser a wrong-doer; he is, notwithstanding this knowledge alone, a *bona fide* purchaser. Yet we think that this may be looked to, in connection with other facts, in determining whether the purchase be *bona fide* or not.

Whether a purchaser be a *bona fide* purchaser, depends upon other facts than a knowledge by such purchaser of the existence of a judgment against the person from whom he purchased. If it be shown that such purchase was made to hinder, delay and defraud the creditor, or the circumstances show that such purchase was not made in good faith, but for the purpose of taking an undue advantage of the creditor, then he would not be a *bona fide* purchaser. But where a valuable consideration was paid for the property, and the purchaser enters into possession of the same as his own property, and holds it for four years (the same being real property), then the same is discharged from the lien of any judgment against the person from whom he purchased, notwithstanding such purchaser may have known of the existence of such judgment. Whatever may have been the rulings heretofore by a majority

of the members of this court, we are unanimously agreed upon the proposition herein laid down, it being better that the law should be rendered certain, although it may be a bad law, than that it should be doubtful and uncertain, though it be a good law.*

The ruling of the court below not being in accordance with the views here expressed, the same is reversed.

Judgment reversed.

---

*See *Sanders vs. McAfee*, 42 *Ga.*, 250 *et seq.*; *Phillips vs. Dobbins*, 56 *Id.*, 617; *Broughton et al., ex'rs, vs. Foster*, ex'r, 69 *Id.*, 712; *Danielly, adm'r, vs. Colbert, adm'r*, 71 *Ga.*, 216