HYFIELD *v.* SIMS & COMPANY.

1. Where a motion was made at one term of the court to dismiss a
   motion for new trial, and was overruled, it was too late at the next
   term to assign error thereon in a bill of exceptions to the final
   judgment of the court granting a new trial in the case, no excep-
   tions *pendente lite* having been taken and filed at the term when
   the rulings complained of were made.
2. When a case is submitted to the judge upon the law and the facts,
   to be tried by him without the intervention of a jury, and he finds
   upon the facts and decides the question of law, the losing party
   may either move for a new trial or file his bill of exceptions, as he
   may see proper. In this case, however, a verdict was taken in ac-
   cordance with the judge's finding, and to review it a motion for a
   new trial was indispensable.
3. Where the judge grants a new trial in an illegality case, and it does
   not appear from the bill of exceptions or the transcript of the
   record what the ground or grounds of the illegality were, the judg-
   ment granting the new trial will be affirmed.
   May 27, 1891.

Illegality.    Practice.    Exceptions.    New trial.    Be-
fore Judge MADDOX.    Floyd superior court.    September
adjourned term, 1890.

Reported in the decision.

WRIGHT & HARRIS, for plaintiff in error.
JUNIUS F. HILLYER, *contra*.

SIMMONS, Justice.

An execution from a justice's court in favor of Sims
& Co. against Hyfield was levied upon certain property,
and Hyfield interposed an illegality.    The case was

taken by appeal to the superior court, where on April 14th, 1890, at the spring term of the court, all the questions of fact and law involved, by agreement of counsel, were submitted to the presiding judge, and it was agreed by counsel that a verdict should be taken in accordance with the finding of the judge. A verdict was so taken on the day named, sustaining the illegality, and judgment thereon was rendered. On April 23d thereafter, the plaintiffs in *fi. fa.* filed a motion for a new trial, and a correct brief of the evidence. On May 19th, counsel for the defendant in *fi. fa.* moved to dismiss the motion for a new trial, because it did not show that it was filed within thirty days after the trial, because the grounds had not been certified by the judge, and because no service had been perfected on the defendant in *fi. fa.;* all of which motions the court overruled, allowed movant to amend, certified the grounds and granted the rule *nisi.* The motion for a new trial was then argued, and the court held up its decision until December 4th, 1890, at the fall term of the court, when counsel for the defendant in *fi. fa.* again moved to dismiss it on the ground that both law and facts having been originally submitted to the judge and a verdict having been rendered under instructions from the court, a bill of exceptions, and not a motion for a new trial, was the proper remedy. This motion also was overruled, and the defendant excepted. The court then granted a new trial, and the defendant excepted.

1. It appears that the motion to dismiss the motion for a new trial on the ground that it did not show that it was made within thirty days, that the judge had not approved the grounds, and that no rule *nisi* had been granted, etc., was made at the spring term of the court, and no exceptions *pendente lite* were filed and approved at that term of the court. It was too late, therefore, to except to this ruling at the fall term of the court,

more than six months after the ruling had been made. *City Council of Waycross* v. *Youmans,* 85 *Ga.* 708. This disposes of this exception.

2. On December 4th, 1890, at the fall term of the court, the defendant in *fi. fa.* called the attention of the judge to the motion and moved to dismiss it, on the ground that both law and facts having been originally submitted to the judge and a verdict rendered under instructions from the court, a bill of exceptions, and not a motion for a new trial, was the proper remedy. This motion the court overruled, and to this ruling the defendant excepted. When a case is submitted to the judge upon the law and the facts, to be tried by him without the intervention of a jury, and he finds upon the facts and decides the question of law against one of the parties, the losing party may either move for a new trial as if the case had been tried by a jury, or file his bill of exceptions, as he may see proper. Of course there must be a motion for new trial when there is an actual verdict as in this case. We are inclined to think that where issues of fact are involved and the judge by agreement of the parties passes upon them, the better practice is to make a motion for a new trial, so that the judge may have an opportunity to review his finding on the facts. 2 Thomp. Tr. §2713.

3. When this last motion was overruled, the court granted an order sustaining the motion for a new trial, and to this ruling the defendant excepted. The plaintiff in error seems to have been very particular and full in specifying in the bill of exceptions the parts of the record necessary for a clear understanding of his case, but with all his particularity he omitted the main part of the record which would enable us to determine whether the trial judge erred in the grant of a new trial or not. The defence to the execution was made by an affidavit of illegality, and the judge granted a

new trial because he had erred in finding in favor of the illegality. But what the grounds of that affidavit of illegality were, we have been unable to ascertain from this record. The affidavit was not specified in the bill of exceptions as material, and consequently was not embodied in the record sent up by the clerk. Without knowing what the grounds of the illegality were, we cannot decide whether the grant of a new trial was erroneous or not. We therefore affirm the judgment of the court below.                    *Judgment affirmed.*