PERKINS, administrator, v. MORGAN et al.

1. Where in answer to an equitable petition for interpleader, brought against two defendants, one of them prays for discovery from the other, the response by the latter to such answer may be admitted in evidence in his favor, and it is not error for the court to instruct the jury that it requires two witnesses, or one witness and corroborating circumstances, to overcome such response when the same is responsive to the interrogatories.

2. It is not error to strike such portion of a defendant's answer as merely refers to reasons or evidence why the defendant is confirmed in his recollection of the facts which he is allowed to set up in his defense.

3. This court can not consider a ground of a motion for a new trial which alleges error in the exclusion of a letter offered by the movant as evidence in his behalf, when it does not appear from the motion what were the contents of the letter excluded.

4. There was sufficient evidence to sustain the verdict.

Argued May 13,—Decided June 9, 1899.

Interpleader. Before W. E. Simmons, judge pro hac vice. Pulaski superior court. August term, 1898.

W. L. & Warren Grice, for plaintiff in error.
J. H. Martin and A. C. Pate, contra.

SIMMONS, C. J. 1. Thompson & Co. filed a bill of interpleader, alleging that they had possession of certain funds which were claimed by Morgan and by Perkins, administrator, and praying that these claimants be required to interplead with each other so that petitioners might be protected. For more complete reports of the facts, see 91 Ga. 570, and 94 Ga. 353. Perkins, administrator, in his answer prayed discovery of Morgan as to certain facts set up by him in his answer, and propounded certain interrogatories to Morgan as to these facts. Morgan answered these interrogatories, and on the trial of the case the trial judge charged the jury that this answer of Morgan's, where it was responsive to the interrogatories, was evidence for Morgan, and required the evidence of two witnesses, or of one witness and corroborating circumstances, to overcome it. Perkins, having lost the case, made a motion for a new trial, and complained of this charge as error. Counsel contended in the argument here that the rule as given by the judge in his charge to the jury does not apply to cases of

interpleader, but only to original bills brought by a complain-
ant against a respondent, in which discovery is sought by the
former.   We think that under our code the rule is not restricted
to the instances given by counsel.   Section 3953 of the Civil
Code provides that "Discovery may be had from the opposite
party, either nominal or real, in any case pending in any court
in this State."   This rule is broad and unrestricted.   The pres-
ent case was a proceeding in equity.   Perkins sought discovery
from his opponent, who was really the only contestant against,
him, the "opposite party" in the case; and, in our opinion,
the charge complained of was applicable and pertinent.   Thomp-
son & Co. had no real interest in the result of the suit, but
were willing to pay to either party the amount they owed, and
the real contest was between the claimants of the fund.   Each
sought to establish his claim.   From the fact that Perkins
sought discovery of Morgan it would seem that he thought he
would be unable to make out his case without the testimony of
Morgan.   At any rate he did seek such discovery, and thereby
made Morgan his witness and became bound by Morgan's an-
swers to the interrogatories, where they were responsive, unless
he could overcome them by more than the evidence of one wit-
ness.   We think that the court was right in charging the jury
that the answer of Morgan was, where responsive, evidence
which Perkins could overcome only by the evidence of two wit-
nesses, or of one witness and corroborating circumstances.

2. Perkins's intestate had made a contract with Morgan,
whereby the former became entitled to cut certain timber from
a certain portion of Morgan's land.   His intestate having died
without having cut the timber and the time having expired
within which he had the right to cut it, Perkins made with
Morgan a parol agreement by which the time was extended.
Morgan claimed that this extension was for but three months.
Perkins at first claimed that the extension was for six months,
and afterward, in an amendment, alleged positively that Mor-
gan did not limit him to three or even to six months but al-
lowed him as much time as was necessary, and that he (Perkins)
had gotten the timber off as soon as was practicable.   The tim-
ber was not cut until after the expiration of three months from

this parol agreement, and the substantial issue was as to the length of the extension granted in the agreement. The amendment offered by Perkins set up the fact that this extension was not limited except to the time reasonably necessary for cutting and removing the timber, and that it was so cut and removed as soon as practicable; and it then proceeded to state the reasons why his recollection was clear and distinct and his averments in regard to the length of the extension positive, giving as one of the reasons the fact that he had found a letter written by him to his agent on the day the extension was granted. It further proceeded with a sort of argument to show that this letter was calculated to refresh his recollection and to make him positive that his recollection so refreshed was accurate and correct. This letter and the argument relative thereto were stricken by the trial judge, on the motion of counsel for Morgan, to which Perkins excepted. It will be observed that the court allowed that portion of the amendment in which he distinctly made the issue as to the time when the limit would expire, and struck only the letter and the reasons given why his recollection was refreshed and accurate. We think there was no error in refusing to allow this portion of the amendment. Our code requires the facts to be set forth in a petition or answer, but does not require any reasons or argument in the pleadings to show that the facts set out are true. This should be left to the evidence in the case. In the present case there is an additional reason for upholding the ruling of the trial judge. This is, that by the amendment as offered Perkins sought to introduce into the pleadings a letter written by himself, which was of doubtful admissibility had it been offered in evidence. Had the entire amendment been allowed and this letter left as a part of the pleadings, it would have gone to the jury, and the pleader would probably have received the benefit of it, although it may have been inadmissible as evidence.

3, 4. Except as to whether the verdict was contrary to law and the evidence, the third headnote disposes of the only other question made in the motion for new trial which it is necessary for us to notice, and the principle there announced has so often been ruled by this court that it would not be profitable to fur-

ther discuss it. The evidence was clearly sufficient to authorize the verdict, and the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*