## CRUMBLEY *v.* BROOK, executor.

1. Where a case is submitted on both law and facts to the presiding judge without the intervention of a jury, a party dissatisfied with the decision may make a motion for a new trial, or may bring the case to this court by direct bill of exceptions. If he pursues the latter course, the writ of error will not be dismissed on the ground that a motion for a new trial should have been made.

2. Where there has been a substantial compliance with the law as to bringing a brief of evidence to this court, such a brief will not be disregarded although it may not be made in absolute compliance with the statute. But where there is an entire disregard of the statutory requirements, and what is called a brief of evidence is largely made up of irrelevant matter, such as a caption to depositions, a notice of an intention to take them, and similar things as to which no point is made, objections made by counsel to the introduction of evidence, colloquies between counsel and between them and the court, and rulings of the court, such a paper will be held to constitute no compliance with law, and this court will not determine any question which is dependent upon its consideration.

(*a*) The bringing to this court of such a paper as a brief of evidence will not work a dismissal of the writ of error. But if no question can be determined without a consideration of the evidence, an affirmance will result.

(*b*) A mere statement in the brief of counsel for plaintiff in error, that he made a bona fide effort to brief the evidence, will not serve to render a paper of the character indicated in the preceding headnotes a compliance with the statute.

(*o*) Nor will the mere agreement of counsel to such a paper as a brief of evidence require this court to treat it as such.

3. Where an application for dower was made by a woman claiming to be the widow of a decedent, who died a resident of this State, and objections were filed to the return of the commissioners, a mere general allegation therein that the decedent had obtained a decree of divorce from the applicant in the State of Alabama, without alleging anything as to the ground thereof, or the nature of the service, or the jurisdiction of the Alabama court over the parties, was subject to special demurrer.

4. Where the issue was whether the applicant for dower was the widow of the decedent, or whether he had divorced her, it was irrelevant to set out the history of the life of the decedent while living with the applicant as his wife, his desire to live in a certain county in this State, her objecting thereto and making his life miserable, his carrying her back to her people and surrendering to her "his earthly possessions," and giving her notice that if she could not afford to go with him to his new home and there share with him the burdens of life, "it was up to her." Such allegations should have been stricken on special demurrer and motion to strike.

(*a*) So likewise should allegations have been stricken to the effect that the applicant knew that the decedent had married again, that she lived within seventy-five miles of him for a number of years without making complaint during his lifetime, or making denial of the validity of his divorce or second marriage, but that since his death, for pecuniary reasons, she applied for dower, because she had been informed that the records of the chancery court of Alabama were destroyed by fire, and she believed that the evidence of the divorce was not available.

(*b*) The court should also have stricken allegations tending to show that the second wife aided the husband by her labor in accumulating the property of which he died seized and possessed, but permitted him to take title in his own name. This was not a proceeding to subject the husband's estate on account of services rendered; or to contest his title, and the allegations stated were irrelevant to the question of whether the first wife was the lawful widow of the deceased, and as such entitled to dower.

(*c*) The court should also have stricken from the objections an allegation that the applicant was merely undertaking to gamble on the idea that all traces of the divorce proceedings were destroyed.

FEBRUARY 17, 1911.

Dower. Before Judge Freeman. Carroll superior court. August 14, 1909.

*Frank Reagan,* for plaintiff.

*Beall & Adamson* and *S. Holderness,* for defendant.

LUMPKIN, J.　Salina Crumbley made application to the superior court of Carroll county to have dower assigned to her from the land of Samuel J. Crumbley, who, she alleged, was her deceased husband.　Commissioners were appointed, and made a report.　M. J. Brook and Mrs. M. E. Crumbley were alleged to be executors.　The former was served, and filed objections to the return of the commissioners.　The substantial defense set up was that the applicant was not the lawful wife of Crumbley at the time of his death, but that he had obtained a divorce from her in the State of Alabama, and had remarried, and Mrs. M. E. Crumbley was his lawful wife.　A demurrer was filed to certain portions of the objections.　The case was submitted to the presiding judge without a jury.　He passed no formal order overruling the demurrer, but in substance did so in the opinion filed by him, and the assignments of error treated the demurrer as overruled.　A judgment was entered against the applicant, and she excepted.

1. A motion was made to dismiss the writ of error, on the ground that where a case is submitted on law and facts to the presiding judge, without the intervention of a jury, direct exception can not be taken to his judgment, but a motion for a new trial must be made.　This point has been decided against the movant.　*Moreland* v. *Stephens,* 64 *Ga.* 289; *Hyfield* v. *Sims,* 87 *Ga.* 280 (2), 282 (13 S. E. 554); Civil Code, § 5527.

2. It was also urged that there was no brief of evidence as required by law, and that for this reason the writ of error should be dismissed.　If a paper is brought to this court which is called a brief of evidence but which constitutes no compliance with the law on that subject, it does not furnish ground for dismissing the writ of error.　But, in such event, no ground of error which involves a consideration of the evidence can be considered.　If all the assignments of error are of that class, a judgment of affirmance will result.　If there are assignments of error, such as rulings on demurrers, or the like, which do not involve a consideration of the evidence, they may be passed on.　*Stansell* v. *Merchants and Farmers Bank,* 123 *Ga.* 278 (51 S. E. 321); *Hawkins* v. *Tanner,* 129 *Ga.* 497 (59 S. E. 225).

This court is not inclined to be exacting in regard to the manner

of preparing the brief of evidence, or to apply too rigid a test of compliance with the statute. The fact that the brief of evidence may be somewhat more full than necessary, or that it may contain some questions and answers, with irrelevant questions stricken out, or that it may contain some quotations from the evidence of witnesses rather than an abbreviation, will not generally suffice to require a disregard of the brief. Sometimes the exact language of a witness on a particular point is necessary, and an abbreviation will not answer the purpose as well. Sometimes, on a particular point, the question and answer tends to show the nature of the examination and the manner of the witness in answering. Within reasonable limits, there is room for individual judgment as to what is material to be included; and even some repetition is not fatal. This court does not seek to pick mere technical flaws in the manner of preparing a brief of evidence. It prefers to look to substance. But some degree of system and regularity is necessary to an orderly and proper conduct of business. A substantial compliance with the statute may suffice. The Civil Code (1895), § 5488 (Civil Code (1910), § 6093) provides for the making of a brief of the evidence. This court has repeatedly held that objections of counsel, colloquies between counsel and the court, and rulings of the court form no legitimate part of a brief of evidence and ought not to be put into it. It has also been held, that a brief of evidence ought not to be filled with mere captions of interrogatories, notices of the taking of testimony, and similar things, when no point is made in regard to such matters; and that a paper called a brief of evidence which is in entire disregard of the statutory requirement, and is filled with things of this character, obscuring the actual testimony given, and rendering it difficult of ascertainment, will not be treated as a brief. *Equitable Mortgage Co.* v. *Bell,* 115 *Ga.* 651 (42 S. E. 82) ; *Carlisle* v. *Ray,* 133 *Ga.* 223 (65 S. E. 408). Where there is a complete disregard of statutory requirements, it is no answer to say that it was done bona fide. This is not what is meant by a bona fide effort, as that expression is used in some of the decisions.

Tested by the standard of substantial, rather than literal, compliance with the law, how stands the paper filed as a brief of evidence in this case? It opens with the depositions of Mrs. Salina Crumbley, which occupy something more than three pages of the

record. Of this about one half page consists of the questions and answers, and the remainder is taken up with a caption, notice, acknowledgment of service, and certificate of the commissioner, copied in full, as to none of which any point is raised. The documentary evidence is copied in full. The oral evidence occupies fifteen pages. It is full of statements of objections by counsel, colloquies between counsel and the court, and rulings of the court. No less than thirty objections to the admission of evidence are set out, and in some instances discussions of them and rulings of the court. The following is an illustration of the manner in which parts of this brief are made: "Mr. Reagan: 'I tender you certified transcript copy of petition for divorce, in Henry county superior court, of Samuel J. Crumbley vs. Salina J. Mitchell, and certified copy of the docket, the entry showing it was dismissed.' Mr. Holderness: 'We don't see what it illustrates in this case. Here is a divorce proceeding instituted in 1873.' By the court: 'I will let it in, the legal effect to be determined.' Mr. Holderness: 'If he wants to tender part, I think the whole ought to go in.' By the court: 'Well.' Mr. Reagan: 'I don't object to it going in, but not as proof of the truth of the statements therein stated.'" Then follows the petition, with the process, service, entries on the back, certificate to the transcript by the clerk, copy of entry on the docket and certificate of the clerk thereto, copied in full. A casual inspection will show that the paper brought up as a brief of evidence is entirely wanting in compliance with the statute.

It was argued, that, because of an agreement of counsel to this document as a brief of evidence, this court should treat it as such. It has frequently been ruled that such a paper is not a brief of evidence within the meaning of the law, and the agreement of counsel will not make it such. The decisions in *Gauldin* v. *Crawford*, 30 *Ga.* 674, and *Sluder* v. *Bartlett*, 72 *Ga.* 463, were relied on. Those cases arose before the act of 1889 (Civil Code (1910), § 6093). There counsel agreed to use original documents as part of the brief of evidence on a motion for a new trial. In this court it was held, that, though such practice was disapproved, it furnished no ground for dismissing the writ of error.

We must decline to consider the document called a brief of evidence as such, or to deal with any questions for the determination of which a consideration of the evidence is necessary.

3. The plaintiff in error sought to have dower assigned to her. The caveator denied that she was the wife of the decedent at the time of his death, but asserted that another woman was so. The pivotal point in the case was whether the decedent had obtained a divorce from the applicant in the State of Alabama. The objector alleged that the decedent had entered suit in the chancery court of Randolph county, Alabama, and in 1876 had obtained a decree awarding him a total divorce from the present applicant for dower. The allegations on this subject were attacked by demurrer on various grounds. Several of them were without merit, and some were speaking in character. Thus, the demurrer alleged certain provisions of the law of Alabama in regard to divorces; that divorces were granted in that State without a jury, which was inconsistent with the laws of Georgia; that a shorter residence was required in that State than in this before beginning a divorce suit; and that this was contrary to the public policy of Georgia. In some other respects the demurrer was well taken. Under the decision in *Joyner* v. *Joyner*, 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220), a judgment of divorce in another State, based on constructive service, is not entitled to obligatory enforcement in this State by virtue of the full faith and credit clause of the Federal constitution or legislative acts in pursuance thereof. It was also held in that case that such a divorce granted in another State on grounds which were in accordance with recognized principles involving the marriage state, and with reasonable notice of the pendency of the suit given by publication and the mailing of a copy, would be recognized by the courts of this State, on the ground of comity, especially where a subsequent marriage had been contracted on the faith of the divorce, no imposition, fraud, or concealment appearing to have been practiced in the procuring of the decree. It follows that it is not sufficient, in pleading a foreign decree of divorce between parties who had lived in this State, to merely allege its rendition, without showing the grounds on which it was rendered, or that there was any service, or any other fact showing that it would fall within the rule laid down in the case just cited. Where a judgment is pleaded in bar, it should generally be attached as an exhibit; or if, by reason of destruction of the record, this can not be done, it should be described with reasonable particularity. A bald allegation that a divorce was granted in a

foreign State is not a sufficient plea in bar to the allowance of dower in this State to withstand a special demurrer.

4. A number of allegations in the objections to the allowance of dower were attacked by special demurrer and motion to strike. It is not good practice to set out the evidence or facts by means of which a party expects to establish his defense. · The proper practice is to plead the ultimate facts which constitute the defense. The real defense which was sought to be set up in this case was a divorce granted in Alabama of such a character as to be binding in this State or to be recognized by comity in Georgia. For that purpose it was competent to plead a foreign divorce, the subsequent marriage on the faith of it, and that the decedent lived with his second wife until his death. It was irrelevant and improper to set out the history of the decedent's life with his first wife, his desire to live in Carroll county, her objecting thereto and making his life miserable, his carrying her back to her people and surrendering to her all his earthly possessions, and giving her notice that "if she could not afford to go with him to his new home and there share with him the burdens of life, the pleasures as well as the sorrows thereof, that it was up to her." It was also irrelevant to plead that his former wife knew of his second marriage and had lived within seventy-five miles of him for a number of years without making complaint during his lifetime, or making denial of the validity of his divorce or second marriage, "but that since his death, for pecuniary reasons, she enters this suit, because she has been informed that the records of the chancery court of Randolph county, Alabama, were destroyed by fire in 1896, she believing that by reason of the destruction of said records, that evidence of the fact that they were divorced would not be available to his present second and legitimate wife."

Allegations that the decedent and his second wife "bowed their necks to the yoke and went to work and accumulated the little property that he died seized and possessed of as the result of their joint and united efforts, and his second wife, having the utmost confidence in her husband, permitted him to take title in his own name, although, as matter of fact, the title should be in them jointly," should have been stricken. This was a caveat by an executor of a will to the assignment of dower in the land of which the testator was alleged to have died seized and possessed. It was

not a proceeding by the second wife to claim title adversely to the husband or to subject his estate; and such allegations were irrelevant in the case made.

The caveator further alleged "that she [the applicant for dower] is merely undertaking to gamble on the idea that all traces of the divorce proceedings that freed S. J. Crumbley from her were destroyed; but he insists that in view of the fact that she attacks the second marriage, that she should show that it is void." This alleged no issuable fact, and was merely argumentative and critical of the motives of the applicant for dower.

The parts of the pleadings which we have indicated above should have been stricken, and the demurrer to the general allegation of the grant of a divorce in Alabama should have been sustained, unless such judgment was pleaded with proper specification. *Perkins* v. *Morgan*, 107 *Ga.* 835 (2), 836 (33 S. E. 705); *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14 (2), 16 (33 S. E. 701).

As we have held that no ruling can be considered which involves the evidence, we do not deal with the question of whether in this State a presumption of divorce can be raised after a second marriage, or whether the presumption of continuity of a status once shown to exist requires proof of actual divorce after a marriage has been shown, if it is asserted that the woman is not the widow of the man when she seeks to claim dower as such.

*Judgment reversed. All the Justices concur.*