### ELLARD et al. v. SIMPSON.

HINES, J. 1. The court did not err in overruling the motion of the defendant to dismiss the motion for new trial, upon the ground that a motion to set aside the verdict and judgment was the proper remedy. Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for new trial, and is subject to all the rules governing such motions. *Lucas* v. *Lucas,* 30 *Ga.* 191, 206 (76 Am. D. 642); *Hyfield* v. *Sims,* 87 *Ga.* 280 (13 S. E. 554); *McCrary* v. *Gano,* 115 *Ga.* 295, 296 (41 S. E. 580).

2. Where a plaintiff fails to appear and prosecute his case, and thus follow up and continue to prosecute it, such failure operates as a discontinuance of the plaintiff's action, and the remedy of the defendant is to move for an order for it to be discontinued or dismissed for want of prosecution. *Kahn* v. *Herman,* 3 *Ga.* 266, 272; *Rountree* v. *Key,* 71 *Ga.* 214. So where a case was called for trial, and the plaintiff did not appear, it was the right of the defendant to move to dismiss the case for want of prosecution, but not to proceed to trial and obtain a verdict in his own favor, there being no plea or other defense in the nature of a cross-action against the plaintiff. *Bateman* v. *Smith Gin Co.,* 98 *Ga.* 219 (25 S. E. 422).

3. Applying the principle last announced, the trial judge did not err in setting aside the verdict and judgment rendered in favor of the defendant in this case; and this renders it unnecessary to deal with any of the other assignments of error.

*Judgment affirmed. All the Justices concur.*

No. 6426. APRIL 16, 1928.

Equitable petition. Before Judge Sutton. Habersham superior court. December 10, 1927.

Simpson sued to prevent Ellard and two others from cutting timber on certain land to which he claimed title. Ellard answered, denying that Simpson owned or had any interest in the land or the timber, and setting up title in himself. He did not seek affirmative relief, or make allegations by way of cross-action. The answers of the other defendants are immaterial here. The case came on for final trial, and the plaintiff and his counsel were not present, owing to their understanding, from a previous conversation with opposing counsel, that the case would be postponed by agreement and set for trial for a day certain, and that the plaintiff's counsel would be notified thereof. Evidence was introduced in support of Ellard's claim of title; and he obtained a verdict on which was entered a judgment that the title was in him. The plaintiff thereafter moved for a new trial, accompanying the motion with an agreed brief of the evidence, and setting forth, in addition to the formal grounds, the alleged facts as to the agreement

to postpone the trial and set it for a day certain, with notice, etc. Defendants moved to dismiss the motion for new trial, on the ground that the proper remedy was not by such motion but by a motion to set aside the verdict and judgment, and that the court was without jurisdiction of the matter as presented. The court overruled the motion to dismiss, and granted a new trial. The defendants excepted.

*Sam Kimzey,* for plaintiffs in error.

*McMillan & Erwin* and *Bond & McClure,* contra.