20212. GOLDSMITH-LESLIE COMPANY *v.* WHITEHEAD.

BROYLES, C. J., 1. Since in an action of trover the sole issue is that of title to the property in dispute (*Citizens Bank* v. *Mullis,* 161 *Ga.* 371, 131 S. E. 44), "it is no bar to an action of trover, brought to recover property held by the defendant under a conditional bill of sale, that the plaintiff had previously obtained judgment in a suit on the pur-

chase-money notes." *Moon* v. *Wright*, 12 *Ga. App.* 659 (2) (78 S. E. 141) ; *Montgomery* v. *Fouché,* 125 *Ga.* 43 (1) (53 S. E. 767) ; *Juchter* v. *Boehm*, 63 *Ga.* 75 (par. 1) ; *Jones* v. *Snider*, 99 *Ga.* 276 (1) (25 S. E. 668). If there be any ruling to the contrary in *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29), this court nevertheless is bound to follow the above-cited decisions of the Supreme Court.

2. "When a case is submitted to the judge upon the law and the facts, to be tried by him without the intervention of a jury, and he finds upon the facts and decides the question of law, the losing party may either move for a new trial or file his bill of exceptions, as he may see proper. In this case, however, a verdict was taken in accordance with the judge's finding, and to review it a motion for a new trial was indispensable." *Hyfield* v. *Sims*, 87 *Ga.* 280 (2) (13 S. E. 554) ; *Jones* v. *Richards*, 23 *Ga. App.* 560 (99 S. E. 11) ; *Mackin* v. *Blalock*, 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220) ; *Holland* v. *State*, 18 *Ga. App.* 102 (1) (88 S. E. 908). This ruling is applicable in the instant case, where a plea in abatement was filed to an action in trover, and the judge, sitting without the intervention of a jury, passed upon the evidence introduced to sustain the plea and rendered a finding sustaining the plea and dismissing the suit. The fact that this case was tried in the municipal court of Atlanta does not vary the rule. In the act creating that court, or in the acts amending the original act, including the act of 1927 (Ga. L. 1927, p. 388), there is nothing that prescribes a different procedure. It follows that the appellate division of the court erred in dismissing the bill of exceptions based upon the denial of a motion for a new trial, upon the ground that the proper procedure of the plaintiff in error was a direct bill of exceptions to the judgment upon the plea in bar; and the superior court erred in overruling the certiorari. *Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 5, 1930.

*W. C. Cantrell, H. F. Sharp*, for plaintiff.
*Spradlin & Whiddon*, for defendant.