21096. JOHNSTON *v.* FORD.

DECIDED APRIL 1, 1931. REHEARING DENIED APRIL 15, 1931.

134

*M. B. Eubanks,* for plaintiff in error.

*Wright & Covington, Porter & Mebane,* contra.

Luke, J. (After stating the foregoing facts.)

It is evident from the record that the complaining defendant below did not present his motion to set aside the verdict and judgment in this case until long after the adjournment of the term of court at which the verdict and judgment were rendered; and, so far as the record discloses, although there was legal service of process, no appearance to the action was made on his behalf, and no demurrer, plea, or answer. While it does not affirmatively appear from the record that the case was in default as to the complaining party, certainly the contrary is nowhere averred in the motion; and one of the grounds of the demurrer is that the motion does not show whether the case was so in default. Nowhere in the motion is there an intimation of any claim that the complaining defendant had a meritorious defense which he was prevented from interposing by the fraud of the plaintiff or by any other sufficient cause; nor is there pointed out any irregularity or defect on the face of the record or pleadings that would have prevented the court below from entering a valid verdict and judgment,

and which, consequently, would warrant this court in setting them aside. In the circumstances of the case, none of the grounds of the complaining defendant's motion can be treated as bringing the case within those well-recognized rules of law under which our appellate courts may exercise the power to set aside verdicts and judgments.

"A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." Civil Code (1910), § 5960. "Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial and is subject to all the rules of law governing such motions." *Ga. Ry. & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673 (58 S. E. 54), citing *Lucas* v. *Lucas,* 30 *Ga.* 191, 206 (76 Am. D. 642) ; *Prescott* v. *Bennett,* 50 *Ga.* 272; *Hyfield* v. *Sims,* 87 *Ga.* 282 (13 S. E. 554) ; *McCrary* v. *Gano,* 115 *Ga.* 296 (41 S. E. 580). "A motion to set aside a judgment based upon the verdict of a. jury can not properly be predicated upon any fact not appearing of record." *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154).

In view of the foregoing observations and of the authorities cited, there would seem to be no occasion to pass seriatim either upon the grounds of the motion to set aside the verdict and judgment or upon the grounds of the demurrer thereto. In our opinion, the court did not err in sustaining the demurrer to the motion to set aside the verdict and judgment.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*