## 26014. GUTHRIE *v.* SPENCE.

BROYLES, C. J. 1. Code, §§ 110-402, 110-404, relating to an entry of "default," ha've no application to a case like the instant one where it does not appear that it was marked in "default," and where it does appear that a judgment was rendered before the movant filed her motion to set aside the judgment. *Schofield's Sons Co.* v. *Vaughn*, 40 *Ga. App.* 568 (150 S. E. 569).

2. "A judgment may not be arrested or set a'side for any defect in the pleadings or record that is aided by verdict *or amendable as matter of form.*" (Italics ours.) Code, § 110-705. "The omission of a prayer for process from a petition is an a'mendable defect." *Babcock Lumber Co.* v. *Hughes,* 29 *Ga. App.* 20 (1); (113 S. E. 816); *Barnes-Fain Co.* v. *Chandler,* 148 *Ga.* 158 (2) (96 S. E. 179).

3. Under the above-stated rulings the court did not err in dismissing, on general demurrer, the motion to set aside the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 7, 1937.

*I. J. Bussell,* for plaintiff in error.
*Parker & Parker, A. 'B. Spence,* contra.

## 26086. SCARVER *v.* THE STATE.

DECIDED APRIL 7, 1937.

*Charles F. Walker, M. G. Hicks, Philip N. Jobson,* for plaintiff in error.

*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

GUERRY, J. Virginia Scarver was found guilty of possessing liquor. Officers found a gallon can of whisky in her room under the bed. They also saw a colored boy immediately precede them in the house, and found him handing defendant money and an empty whisky bottle. They testified positively that the boy did not carry the can of whisky into the house with him. The evidence was amply sufficient to support the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*