## WINN *v.* ARMOUR & COMPANY.

No. 11878. OCTOBER 15, 1937.

*Duke Davis,* for plaintiff in error.
*Haas, Gambrell & Gardner,* contra.

RUSSELL, Chief Justice. On December 20, 1932, Mrs. Lola Athearn filed in the city court of Atlanta a suit for damages against Armour & Company. On June 20, 1933, a verdict and judgment for $5000 were obtained by default against said company. A fi. fa. immediately issued on this judgment, and on June 21, 1933, the fi. fa. for value received was transferred and assigned to Frank Winn. On June 26, 1933, at the same term of said court, Armour & Company filed its petition to set aside said default judgment, together with a traverse of the sheriff's return of service, setting up that the judgment was void because there was no valid legal service of process on defendant, and the trial

court therefore had no jurisdiction of the defendant. On January 3, 1934, the jury sustained the traverse, and the judgment was vacated and set aside. Frank Winn was not made a party to these proceedings. A motion for new trial was made, and to the judgment overruling the same Mrs. Athearn excepted and sued out a writ of error to the Court of Appeals, where the same was dismissed because there was no exception to a final judgment. *Athearn* v. *Armour & Co.*, 50 *Ga. App.* 864 (178 S. E. 757). While the case was pending in the Court of Appeals, Mrs. Athearn, on October 25, 1934, filed a new suit on the same cause of action against the same defendant, and upon petition of the defendant company the case was removed to the United States District court, in which court, on January 8, 1935, a verdict and judgment were rendered against the defendant company in favor of Mrs. Athearn for $750. A motion for new trial was made by the defendant company and dismissed by it. This judgment was also transferred to Winn. On June 29, 1933, Howard Eidson and others, judgment creditors of Mrs. Athearn, filed their equitable petition against her, Frank Winn, and Armour & Company, seeking to set aside the transfer of said $5000 judgment and execution as fraudulent, without any consideration, and made to hinder and delay the creditors of Mrs. Athearn, and to enjoin Armour & Company from paying out the money on said $5000 judgment to any one, and praying that it be paid into court. Frank Winn answered, denying the material allegations of the petition. Armour & Company answered, and also filed a cross-petition, setting up the invalidity of the $5000 judgment, and traversing the entry of service of the sheriff in that case. Thereafter, on June 19, 1935, this case was dismissed by the court for want of prosecution. Also on February 6, 1936, Howard Eidson instituted garnishment proceedings on his judgment in the municipal court of Atlanta, and had summons of garnishment served on Armour & Company. On March 4, 1936, Mrs. Athearn answered these proceedings, setting up that she had pending in Richmond court of ordinary an application for homestead "of the judgment proceedings which might be brought into court in the above garnishment suit, and praying that whatever sum might be brought into court should be held by the clerk of this court pending said homestead." An order was entered by Fulton superior court ac-

cordingly. Shortly thereafter, Frank Winn having threatened to levy the execution issuing on said $5000 judgment against Armour & Company, that company on April 29, 1936, "filed its amended cross-petition herein," setting out all of the above facts, and praying that the fi. fa. held by Winn be declared null and void, that he be restrained from transferring the same or levying it upon any property, and that it be canceled. Armour & Company prayed, in this amendment to its cross-petition, that all parties claiming the $750 due on that judgment of Mrs. Athearn, which it admitted, be required to interplead. Service of the amended cross-petition and of the court's temporary restraining order was acknowledged by counsel for Mrs. Athearn and for Frank Winn. On June 17, 1936, the case came on for hearing on the separate general demurrers filed by Winn and by Mrs. Athearn to the amended cross-petition, which were overruled, and Winn excepted pendente lite. Winn answered this amendment to the cross-petition, alleging that he had no interest whatever in the $750 execution. Mrs. Athearn filed her answer alleging that the garnishment proceedings above referred to had been disposed of, and Winn had disclaimed any interest in the $750 judgment and execution; and prayed that the court's temporary restraining order relative to this judgment be dissolved. "It is admitted that Mrs. Lola Athearn is the owner of the execution for $750 issued by the Federal court; that the same has been set aside to her as the head of a family as a homestead; and that subsequent to the filing of the amended cross-petition herein, the garnishment brought against Armour & Company has been dismissed." Thereupon the judge of Fulton superior court, without the intervention of a jury, under the foregoing agreed facts, rendered judgment in favor of Armour & Company and against Frank Winn, permanently enjoining him from attempting to collect the $5000 judgment and execution, and declaring it to be null and void, and canceling and setting it aside. Thereupon Winn filed his bill of exceptions to this court, assigning error on his exceptions pendente lite, and upon said final judgment, on the ground that there was no case in court; that there were no proper parties to said proceeding; and that he was not properly a party to said proceedings, because the court lost jurisdiction of him on June 19, 1935, when the equitable petition filed by Eidson and others was dismissed for want

of prosecution, and therefore he was not a party to the proceedings pending in Fulton superior court and could not be affected by any amendment in said case.

■ "Any plaintiff or transferee may bona fide, and for a valuable consideration, transfer any execution to a third person, and in all cases the transferee of any execution shall have the same rights, and be subject to the same equities, and subject to the same defenses as the original plaintiff in judgment was." Code, § 39-401. See also *Colquitt* v. *Bonner*, 2 *Ga.* 155; *Hammett* v. *Christie*, 21 *Ga.* 251, 253; *Rawson* v. *McJunkins*, 27 *Ga.* 432, 434. Judgments are not negotiable in a strict commercial sense, though they may be transferred by indorsement. See *Western Bank* v. *Maverick Bank*, 90 *Ga.* 339, 344 (16 S. E. 942, 35 Am. St. R. 210). Assignee thereof is a proper party in a proceeding to set aside the judgment and cancel the execution issuing thereon. See *Slayton* v. *Jones*, 15 *Ga.* 89. See also Code, § 110-707; *Malone* v. *Kelly*, 101 *Ga.* 194, 201 (28 S. E. 689). The fact that an execution issues on a void judgment will not give it vitality. *Jowers* v. *Kirkpatrick Hardware Co.*, 21 *Ga. App.* 751 (94 S. E. 1044). If the judgment and execution are void in the hands of the original judgment creditor, they are void and without effect, even though transferred and assigned to another for a valuable consideration, and may be so held in a proper proceeding. See *Heyward* v. *Finney*, 63 *Ga.* 353; *Register* v. *Southern States Phosphate &c. Co.*, 157 *Ga.* 561 (122 S. E. 323).

■ A judgment rendered against a defendant where there has been no service of process or waiver thereof is a mere nullity. Where, however, the record shows an entry of service by the sheriff, the judgment is binding until such entry is traversed and set aside. *Davant* v. *Carlton*, 57 *Ga.* 489; *Heath* v. *Miller*, 117 *Ga.* 854, 864 (44 S. E. 13); Code, § 110-709.

■ Dismissal of an action for want of prosecution, where the defendant has filed a cross-action seeking equitable relief, does not dismiss the issues raised by the cross-petition. This is true where the relief sought affects codefendants in the proceeding. Accordingly, dismissal of the equitable petition brought by Eidson and others, judgment creditors of Mrs. Athearn, the assignor of the judgment and execution involved in this case, against her, against the assignee of the execution, Frank Winn, and against the judg-

ment defendant, Armour & Company, to which all of the defendants answered, and Armour & Company filed a cross-action seeking cancellation of the $5000 judgment and execution rendered against it, and traversing the entry of service of the sheriff in the case in which such judgment was rendered, and seeking to enjoin the assignee of the judgment, Winn, from enforcing the same, was not dismissed in so far as the issues raised by the cross-action of Armour & Company were concerned. The same remained pending, and the court had full jurisdiction of the parties and the subject-matter, and any decree therein rendered was binding on Winn, the assignee of the judgment and execution attacked. See Code, §§ 3-510, 37-105, 37-901, 37-905, 37-907, 81-106, 81-107; *American Legion* v. *Miller*, 183 *Ga.* 754 (189 S. E. 837); *Ryan* v. *Fulghum*, 96 *Ga.* 234 (22 S. E. 940); *Ray* v. *Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (32 S. E. 603); *Ledbetter* v. *Goodroe*, 177 *Ga.* 616 (170 S. E. 866); *Moore* v. *Atlanta Joint Stock Land Bank*, 176 *Ga.* 697 (168 S. E. 558); *Welch* v. *Williford*, 182 *Ga.* 192 (185 S. E. 91).

◼ Applying the foregoing principles, the court did not err in overruling the demurrer of the assignee, Winn, to the amendment of the cross-action filed by Armour & Company in the equitable petition filed by the judgment creditors of Mrs. Lola Athearn, the assignor of the void judgment obtained against said company and transferred by her to Frank Winn. Accordingly, the judgment permanently enjoining Winn from enforcing such judgment and execution, declaring the same null and void, and canceling it, upon a finding that there had been no valid service upon the defendant company, was not error as against said assignee for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*