### 34188. BURGER *v.* DOBBS.

DECIDED SEPTEMBER 26, 1952—REHEARING DENIED OCTOBER 17, 1952.

90

*Harold Karp, Ferrin Mathews,* for plaintiff in error.

*Howard, Tiller & Howard, Lewis R. Slaton Jr.,* contra.

SUTTON, C.J. (After stating the foregoing facts.) The plaintiff in error says in his brief that his "Motion to open default and vacate judgment" was brought under Code § 110-404. This section, as amended by the act of 1946 (Ga. L. 1946, pp. 761, 778), is headed, "Opening default before final judgment," and is as follows: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."

This Code section is not applicable to the present case, as a final judgment was rendered before the motion was filed. It appears from the judgment that the case came on regularly to

be heard, that no defense was interposed, that, from the evidence, the plaintiff was entitled to recover, and that the judgment was accordingly entered on May 20, 1952. The plaintiff in error's motion to open default and vacate judgment was filed on May 31, 1952. See *Guthrie* v. *Spence*, 55 *Ga. App.* 669 (191 S. E. 188).

However, it is a well-settled principle of law that courts of record retain control over their orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate them, and such discretion will not be controlled, unless it is manifestly abused. *Methodist Episcopal Church South* v. *Decell*, 60 *Ga. App.* 843, 849 (5 S. E. 2d, 66); *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *East Side Lumber &c. Co.* v. *Barfield*, 193 *Ga.* 273, 276 (18 S. E. 2d, 492); *International Agricultural Corp.* v. *Law*, 40 *Ga. App.* 756 (151 S. E. 557); *Whitlock* v. *Wilson*, 79 *Ga. App.* 747 (54 S. E. 2d, 474); *Dover* v. *Dover*, 205 *Ga.* 241 (53 S. E. 2d, 492); *Tyler* v. *Eubanks*, 207 *Ga.* 46 (60 S. E. 2d, 130); *Hunter* v. *Gillespie*, 207 *Ga.* 574 (63 S. E. 2d, 404). But the power to so deal with a judgment is not an unlimited or arbitrary power, but a discretionary one. It is purely a legal discretion. *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 290 (143 S. E. 912); *Cahoon* v. *Wills*, 179 *Ga.* 195, 196 (175 S. E. 563); *Cofer* v. *Maxwell*, 201 *Ga.* 846, 848 (41 S. E. 2d, 420). As said in the *Cahoon* case and repeated in the *Cofer* case: "The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice."

It appears from the record that the defendant was served personally with a copy of the bail-trover suit and process, which required him to answer on the first Monday in May, 1952, and he was also arrested under said proceeding. He failed to interpose any defense and later the case came on regularly to be heard and the judgment in question was rendered against him. The defendant in the motion to vacate does not traverse the service or deny that he was served, but only alleges that he was

not given any notice or papers indicating the date when the case would be heard, and says that he was advised by the marshal that he would be notified of the time when the case would be heard.

The return of service by the officer imports verity, and, when not traversed, any question as to whether the defendant was legally served may be disregarded. *Williams* v. *Atlanta National Bank*, 31 *Ga. App.* 212, 219 (120 S. E. 658), and citations. Also, see *Winn* v. *Armour & Co.*, 184 *Ga.* 769, 772 (2) (193 S. E. 447), as to necessity of traversing entry of service by the officer, in order to vacate a judgment on the question of service. When the defendant was duly served, the legal responsibility was on him to keep up with the case, at every stage, if he desired to defend and contest it. According to the record, he was afforded full opportunity to defend, but he failed to appear and plead.

Treating the motion as one to vacate and set aside the judgment filed at the same term of court when rendered, it was addressed to the sound legal discretion of the court, and no legal reason being shown by the motion as to why the judgment should be set aside, the judgment of the trial judge sustaining the plaintiff's demurrer to the defendant's motion was not an abuse of his discretion and will not here be disturbed.

*Judgment affirmed. Worrill, J., concurs. Felton J., concurs specially.*

FELTON, J., concurring specially. A judgment rendered by a judge acting as judge and jury stands upon the same footing as a judgment based on a jury verdict, and such a judgment is not in the breast of the court during the term at which it is rendered. Where a judge renders such a judgment against a defendant, the defendant's only remedies are a direct exception or a motion for a new trial. In this case there was no direct exception and the motion filed was defective as a motion for a new trial because there was no brief of the evidence. See dissent in *Whitlock* v. *Wilson*, 79 *Ga. App.* 747 (54 S. E. 2d, 474). It seems to me that the many decisions holding that the remedy of a losing party in a case where a judge renders a judgment acting as judge and jury is either a motion for a new trial or a direct exception necessarily negative the idea that an available

remedy is a motion to have the judgment set aside as one being in the breast of the court during the term. Some of these cases are: *Hyfield* v. *Sims & Co.,* 87 *Ga.* 280 (13 S. E. 554); *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655); *Goldsmith-Leslie Co.* v. *Whitehead,* 41 *Ga. App.* 287 (152 S. E. 589); *Ellard* v. *Simpson,* 166 *Ga.* 278 (142 S. E. 855).