### 38078. TURNER *v.* KAY JEWELRY COMPANY.

QUILLIAN, Judge. 1. "The seller of personalty who reserves the title, could, after obtaining a judgment against the buyer for the price and collecting a portion of the same, nevertheless, without cancelling the judgment or paying or tendering back what had been received, maintain against the buyer an action of bail trover for the purpose of collecting the balance of the purchase-money, with interest thereon." *Jones* v. *Snider,* 99 *Ga.* 276 (25 S. E. 668). Additional cases to the same effect

are: *Moon* v. *Wright*, 12 *Ga. App.* 659 (2) (78 S. E. 141);
*Goldsmith-Leslie Co.* v. *Whitehead*, 41 *Ga. App.* 287 (1) (152
S. E. 589); *Holley* v. *Mutual Investment Corp.*, 91 *Ga. App.*
837 (87 S. E. 2d 236).

2. The very essence of a retention-of-title agreement grows from
the fact that the contract provides that title shall not pass to
the buyer until the purchase price has been fully paid. The
retained title constitutes security for the debt. There is noth-
ing inconsistent in trying to collect the purchase price and at
the same time retaining title as security for the unpaid bal-
ance of the price. An effort to collect payment does not con-
stitute an abandonment of the security.

3. The case of *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29)
is that the foreclosure of a bill of sale as a mortgage, where
the instrument contains both a retention-of-title clause and a
mortgage on a particular chattel, debarred a subsequent trover
action. The case was decided on the theory that the fore-
closure of the mortgage admitted the title to the chattel to be
in the defendant, and that where the title to personalty is ad-
mitted in the defendant a trover suit can not be maintained.
The holding is not in conflict with the ruling of the case sub
judice, for the reason that here the judgment pleaded as a bar
to the present action in a previous case was obtained on a suit
brought on the promise to pay contained in the conditional-
sale contract, and obviously a suit on such promise, a promise
to pay the purchase price of the chattel to which the contract
retains title, does not admit the title to the same is in the
maker of the instrument. The case of *Kennedy* v. *Manry*,
supra, was decided prior to the act of 1921 (Ga. L. 1921, p.
114) embodied in Code § 67-1601, which permits a condi-
tional-sale contract to be foreclosed as a mortgage. The case
has also been overruled in so far as it conflicted with the hold-
ing of *Goldsmith-Leslie Co.* v. *Whitehead*, 41 *Ga. App.* 287,
supra, and *Hilliard* v. *General Motors Accept. Corp.*, 54 *Ga.
App.* 105 (1) (187 S. E. 218), where it is said: "Where per-
sonalty is sold and title retained in the seller as security for
the balance of the purchase-money, a suit by the seller to fore-
close the contract as a mortgage, under the act of 1921 (Ga. L.
1921, p. 114; Code § 67-1601), does not have the effect of
transferring the title into the buyer, and does not estop the
seller from afterwards bringing an action of trover for the

property." If more recent cases of this court predicated on *Kennedy* v. *Manry*, 6 *Ga. App.* 816, supra, do not conform in their holdings with *Goldsmith-Leslie Co.* v. *Whitehead*, and *Hilliard* v. *General Motor Accept. Corp.*, supra, they must yield to the *Goldsmith-Leslie* case and the *Hilliard* case, and hence do not furnish precedent for a contrary view to that expressed in this opinion.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 1, 1960.

*Bagwell & Hames, James A. Bagwell,* for plaintiff in error.
*Heyman, Abram & Young, Levy, Buffington & Levy, M. Alvin Levy,* contra.