## OSBORNE v. HILL.

1. Where judgments in favor of different creditors were obtained against a person who had made a deed to land under section 1969 of the code to secure a loan, the youngest of the judgments being in favor of the lender for the debt secured by the deed, and the

sheriff levied upon and sold, under the oldest judgment, the debtor's "five sixths undivided interest" in the land, the court, in a contest over the distribution of the fund arising from the sale, did not err in awarding the money to the oldest judgments, it not appearing that the defendant had repaid any of the money borrowed, or that the lender had conveyed back the land and filed the deed in the clerk's office as provided for in §1970 of the code.

2. Nothing was sold by the sheriff, under the levy, but the borrower's interest in the land; and having repaid no part of the loan, the borrower had no interest to sell. The purchaser at sheriff's sale, therefore, got no interest in the land except, perhaps, the borrower's right to redeem by paying the money to the lender. The lender or holder of the deed still has the title, and can enforce her right, either by ejectment or by reconveying the land, filing the deed in the clerk's office and levying on the land and selling it.                        *Judgment affirmed.*

January 23, 1893.

Before Judge MILNER. Murray superior court. February term, 1892.

The sheriff levied a *fi. fa.* in favor of Hill against Hallman on a five sixths undivided interest in one hundred and fifty-four acres of land in the 9th district and 3d section of Murray county (describing it), as the property of Hallman, on February 20, 1891. On the first Tuesday in February, 1892, he exposed the land for sale under this levy and sold it for $701. The balance left in his hands after paying costs, etc., was claimed by the following judgments:' G. W. Hill, August 17, 1887, $351.55, interest and cost; Trammell Starr, assignee of B. Z. Herndon, January 13, 1890, $25; G. W. Oglesby, February 23, 1888, $300; and Jane L. Osborne, August term, 1891, $600, this judgment being based on a note secured by a deed from C. C. and M. A. Hallman, dated in 1885, made under section 1969 of the code, and no part of the debt having been paid. The foregoing appears from the sheriff's answer to a rule brought against him by G. W. Hill, to which the other claimants are parties. The answer was not traversed, and no evi-

dence was introduced. Upon considering the answer and the contentions of the parties, the court decided that only the equity of redemption of Hallman was sold, and therefore ordered that the sheriff apply the fund to the satisfaction of the execution of Hill, and the balance as a credit on the execution of Oglesby. To this judgment Jane L. Osborne excepted.

B. H. & C. D. HILL, by brief, for plaintiff in error.

R. J. & J. McCAMY, TRAMMELL STARR and JONES & MARTIN, contra.