790.   HUGHES, for use, etc. *v.* MOUNT VERNON BANK.

1. The lien of a mortgage will, as a general rule, continue in life, within the statute of limitations, until the debt secured has been paid.  A mortgagee does not lose his lien by suing the mortgage notes to judgment and having the mortgaged property sold on execution.
2. A mortgagee sued the mortgage notes to judgment and had the execution levied on the premises covered by the mortgage.  By virtue of an agreement between the mortgagor and mortgagee, who was also plaintiff in fi. fa., the entire estate was sold; and it brought full value.  Just prior to the sale a third person lodged with the sheriff a general common-law judgment against the mortgagor, of date younger than the mortgage but older than the judgment based on the mortgage debt, and ordered the sheriff to hold up the fund arising from the sale.  *Held,* that on a rule brought against the sheriff for a distribution of the fund, the mortgage should first be paid and the residue applied to the judgment of the intervenor.  Both judgment creditors have liens, but the lien of the mortgage is older, and is therefore entitled to priority.

Money rule, from city court of Mount Vernon—Judge Geiger. September 9, 1907.

Submitted December 18, 1907,—Decided March 16, 1908.
*M. B. Calhoun, L. C. Underwood,* for plaintiff.
*W. M. Lewis,* for defendant.

HILL, C. J.  The Mount Vernon Bank held four notes secured by a mortgage on real estate.  The bank sued the notes to judgment and had the execution levied on the mortgaged property.  It was agreed between the mortgagor and the mortgagee that the entire estate should be sold.  Just before the sale, the plaintiff in

error lodged with the sheriff a general judgment against the mortgagor, of date younger than the mortgage but older than the judgment based on the mortgage debt, and notified the sheriff to hold up the funds. The property was then sold; and all parties admit that it brought full value. The plaintiff in error claims that his judgment is entitled to priority. This is the sole question before the court.

"A mortgagee does not waive his lien by suing and recovering judgment on the note or bond secured, or attaching the property of the mortgagor in an action on the mortgage debt." 27 Cyc. 1164 (e) ; Lanahan *v.* Lawton, 50 N. J. Eq. 276 (3), (23 Atl. 476) ; *Clark* v. *Tuggle,* 18 *Ga.* 605; Ely *v.* Ely, 6 Gray (Mass.), 439; Jones on Mortgages (3d ed.), § 1215. The mortgage creates a lien on the premises to secure the payment of the debt, and, as a general rule, the lien will continue until the debt is paid. The merger of the notes into judgment does not extinguish the debt, and until the judgment is satisfied the lien does not fall. Torrey *v.* Cook, 116 Mass. 163; Ely *v.* Ely, supra; Butler *v.* Miller, 1 N. Y. 496. "When property which is subject to a mortgage which has not been foreclosed has been levied on by other process, the lien of which is junior to that of the mortgage, the effect of the levy is to seize the equity of redemption only, and this interest in the property will be all that will pass to the purchaser. See *Harwell* v. *Fitts,* 20 *Ga.* 725; *Hynds* v. ⌣ ⌣y, 93 *Ga.* 542 (21 S. E. 63). The sale may, however, be converted into a sale of the entire interest in the property, by the concurrent consent of the mortgagor, mortgagee, and levying creditor, and in such case the proceeds of the sale will be applied to the payment of the unforeclosed mortgage according to its priority. Civil Code, § 2759." *DeVaughn* v. *Byrom,* 110 *Ga.* 904, 907 (36 S. E. 267) ; *Milner* v. *Pitts,* 117 *Ga.* 794 (45 S. E. 67) ; *Osborne* v. *Hill,* 91 *Ga.* 137 (16 S. E. 965). Two liens attach to the funds arising from the sale,—the lien of the mortgage, and the lien of the other judgment creditor against the equity of redemption, by virtue of his general judgment against the mortgagor. Since the mortgage lien is older, it should be first satisfied. "The priority of liens, whether by mortgage or judgment, is governed exclusively by the date of their acquisition, the first in time being the first in right." 27 Cyc. 1173 ; *Marshall* v. *Hodgkins,* 99 *Ga.* 592 (27 S. E. 748).

*Judgment affirmed.*