KIRKLAND et al. v. KIRKLAND et al.

FISH, C. J. 1. The maker of a promissory note procured certain persons to become sureties thereon by indorsement, and, for the purpose of securing them against loss on their indorsement, executed to them a mortgage on certain land. The mortgage contained a power of sale, which authorized the mortgagees to sell "all of said property or a sufficiency thereof to reimburse them as such accommodation indorsers of said note in the full amount of their liability and payment in the premises, together with the expenses of the proceedings, including fees of attorneys to the amount of ten per cent., if their claim be placed in the hands of an attorney for collection, after advertising," etc. The note and mortgage were afterwards placed in the hands of an attorney for collection, under special employment whereby the attorney was to be paid a fee by the plaintiffs, which was not in any sense conditioned upon the collection of the attorney's fees specified in the mortgage. The property was advertised for sale under the power expressed in the mortgage. The attorney for the mortgagees was related within the prohibited degree to the judge of the circuit in which the sale was being advertised. A suit was brought by alleged creditors to enjoin the sale. *Held,* that

the attorney had no such interest in the suit as disqualified the judge from presiding in the injunction suit. Civil Code, § 4642. See *Young v. Harris*, ante, 333.

(a) The judge voluntarily recused himself on the ground that his relative was the attorney advertising the property for sale, and caused the case to be referred to another judge; and after the attorney had made a motion to revoke the order referring the case to the other judge, on the ground that the sale of the property was not to involve the payment of attorney's fees, the motion to revoke was granted by both of the judges. This did not affect the qualification or jurisdiction of the first judge finally to preside in the case.

2. Nor was the trial judge disqualified by reason of the facts that, several years before the execution of the mortgage, he had been a member of the law firm which represented the grantee in a security deed executed by the maker of the note, and that the firm had issued a certificate approving the title of the grantor, without referring to the claim of the plaintiffs in the equity suit alleged to have been in existence; the money raised by the last transaction upon notes indorsed by the mortgagee in the mortgage first above mentioned having been applied in part to the satisfaction of the security executed at the time when the certificate was issued by the firm of which the judge was a member. Civil Code, § 4642.

3. The power of sale expressed in the mortgage referred to in the first note was not extinguished by a general judgment obtained by the plaintiffs against the maker of the note in a suit in the city court. See *Dykes v. McVay*, 67 *Ga.* 502; *Montgomery v. Fouché*, 125 *Ga.* 43 (2), 44 (53 S. E. 767); *Hughes v. Mt. Vernon Bank*, 4 *Ga. App.* 23 (60 S. E. 809); *Mitchell v. Castlen*, 5 *Ga. App.* 134 (62 S. E. 731); 27 Cyc. 1164.

4. Under conflicting evidence, there was no abuse of discretion in refusing an injunction. *Judgment affirmed. All the Justices concur.*

DECEMBER 19, 1916.

Petition for injunction. Before Judge Wright. Floyd superior court. June 27, 1916.

*M. B. Eubanks,* for plaintiffs.

*Denny & Wright* and *Barry Wright,* for defendants.