8356. ADKINS *v.* DANNENBERG COMPANY *et al.*

</div>

JENKINS, J. 1. A person who has elected to adopt one of two or more optional and inconsistent remedies will not thereafter be allowed to change his course and pursue a remedy inconsistent with his first election. Thus, one taking as collateral a purchase-money note with knowledge as to what constitutes its consideration is not permitted to set the sale aside and at the same time recover on the note the purchase-money of the sale.

2. In order for the rule above stated to preclude a recovery on such a note, it must be made to appear that the holder thereof has actually re-

pudiated the sale by adopting a remedy inconsistent with its validity. The fact that the collateral holder of a note which he took with knowledge that it had been given for the "purchase price of an undivided half interest in a stock of. goods, wares, and merchandise" may have subsequently levied on and sold the stock 'as the sole property of the original owner does not of itself necessarily show that the sale was thereby repudiated and set aside. In the evidence in the present case there is nothing to show that the sale was illegal and for that reason set aside by the holder of the note, nor is there evidence of any sort to indicate a' repudiation of the sale other than the one ·fact of such levy, which of itself can not, under the facts of the case, be taken as conclusive. Treating the statements made in the plea and the evidence in regard to the sale as having reference simply to a purchase of, an interest in the merchandise itself, and not an interest in the business, there is nothing in the proof to show what portion, if any, of the merchandise so bought continued to remain in the original stock at the time of the subsequent levy; and if the purchase and sale has reference. to an interest in the business itself· and under the agreement made subject to its debts (as is perhaps indicated by one of the original pleas setting up fraudulent misrepresentations by the seller as to the amount of indebtedness which the business owed), then· such levy would not amount to setting aside the sale.

<div align="center">Judgment affirmed.    Wade, C. J., and Luke, J., concur.</div>

<div align="center">DECIDED JANUARY 21, 1918.</div>

Complaint; from Dooly superior court—Judge George. December 16, 1916.

*Jule Felton,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* contra.