7296, 7297.  LEE v. CENTRAL OF GEORGIA RAILWAY COMPANY *et al.;* and *vice versa.*

1. It being held by the Supreme Court that "an employee of a railway company engaged in interstate commerce can not maintain a joint action against the company and its engineer under the 'Federal employer's liability act' of 1908, where concurring negligence of the interstate carrier and its engineer in the course of interstate commerce is alleged as

the cause of the injury to the plaintiff," and that "this is true irrespective of any allegation as to a violation of the 'safety-appliance act' of Congress," the trial judge erred in overruling those portions of the defendant's demurrers which set up a misjoinder of parties defendant and a misjoinder of causes of action. For the same reason the court erred in disallowing paragraphs 7 and 8 of the amendments of the defendants to their answers, setting up a misjoinder of parties defendant and a misjoinder of causes of action.

2. Under the ruling of the Supreme Court as stated in the preceding headnote, a new trial necessarily results, and it is not necessary to consider the exceptions in the main bill of exceptions to the second grant of a new trial by the trial judge. All other exceptions in the cross-bill of exceptions, except those arising on the questions of misjoinder of parties defendant and misjoinder of causes of action, not being discussed in the brief, will be treated as abandoned.

DECIDED JANUARY 21, 1918.

Action for damages; from city court of Savannah—Judge Freeman. February 14, 1916.

*Osborne, Lawrence & Abrahams,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.

HARWELL, J. Lee brought suit against the Central of Georgia Railway Company and O'Donnell, its engineer, for personal injuries alleged to have been sustained by him while coupling cars. The petition originally contained two counts, the first count being based upon the Federal "employer's liability act," and the second count upon the Georgia statute, the first count alleging that the injury occurred while the plaintiff was employed in interstate commerce, and the other alleging that it occurred while he was employed in intrastate commerce. It was also alleged in each count that the railway company was guilty of a violation of the "safety-appliance act" of Congress in respect to the coupling apparatus. The defendants admitted in their amended answers that the plaintiff was injured while employed by the railway company in interstate commerce. Thereupon the plaintiff expressly abandoned the second count of the petition and the case proceeded to trial solely upon the first count, which was founded upon the Federal "employer's liability act." The first verdict and judgment in favor of the plaintiff were set aside by the court and a new trial granted. A second verdict against both defendants jointly, upon which a joint judgment was rendered against them, was likewise set aside and a new trial granted upon the defendant's motion. The trial judge, in his order upon the second motion for new trial, said: "This

leaves for consideration the second ground of the motion. Involved in this is the question of the constitutionality of that portion of the 5th section of the act approved August 13, 1915, entitled "An Act to alter, amend, and revise the several laws relating to the city court of Savannah," which reads as follows: 'No second new trial shall be granted in any case except for errors of law where there is no evidence to support the verdict.' . . I think that the portion of the act referred to is unconstitutional, and that I am at liberty to consider the second ground of the motion." The court thereupon granted a new trial upon the second ground of the motion, which was based upon the ground that the verdict is decidly and strongly against the weight of the evidence. The plaintiff excepts to this second grant of a new trial. The defendants filed demurrers upon the ground that there was a misjoinder of parties defendant, and upon the further ground that there was a misjoinder of causes of action. The demurrer to the first count of the petition is based upon the ground that there is no authority of law to join as defendants a railway company and one of its employees, as an individual defendant, in a suit under the Federal "employer's liability act." The demurrer to the first count of the petition also attacks it upon the ground that the plaintiff sets up a cause of action against a railway company, arising under the Federal "employer's liability act," and in the same count sets up a cause of action against its engineer, the defendant O'Donnell, under the laws of the State of Georgia. The defendants demurred also upon other grounds, which it is not necessary to recite. The defendants further amended their answers, in paragraph 7 and 8 substantially raising the same question of misjoinder of parties defendant and misjoinder of causes of action upon the ground stated in the demurrers. The court overruled all of the demurrers of the defendants, and also refused to allow paragraphs 7 and 8 of the amendments to the answers. The defendants filed exceptions pendente lite to the order of the court overruling the demurrers and disallowing these amendments, and in a cross-bill of exceptions bring these questions to this court for decision. This statement of facts is all that is necessary to an understanding of the decision of the court.

The following questions in the instant case were certified to the Supreme Court by this court, namely:

"1.   In a case tried in the city court of Savannah a second new trial was granted the same party upon the sole ground that the evidence strongly preponderated in his favor, and in the order granting the new trial the judge of that court declared unconstitutional so much of the act approved August 13, 1915, relating to the city court of Savannah (Acts 1915, p. 123, section 5), as provides: 'No second new trial shall be granted in any case except for errors of law, or where there is no evidence to support the verdict.' This ruling was made upon oral argument only of counsel for the movant, there being no pleadings in which the constitutionality of the act in question was attacked.   The losing party excepts to the grant of the second new trial.   Conceding that the evidence supports the verdict and that no error of law appears, has the Court of Appeals jurisdiction to hear and determine this case, or does it 'involve the construction of the constitution of the State,' or is it a case 'in which the constitutionality of any law of the State of Georgia  .  .  is drawn in question,' in contemplation of the amendment to the constitution, ratified November 7, 1916, relating to the jurisdiction of the Supreme Court?

"2.   May an employee of a railway company engaged in interstate commerce maintain a joint action against the company and its engineer, under the Federal 'employer's liability act' of 1908, where concurring negligence of the interstate carrier and its engineer in the course of interstate commerce is alleged as the cause of the injury to the plaintiff, and where also a violation of the 'safety-appliance act' of Congress is charged against the carrier?"

The Supreme Court answered as follows (147 *Ga.* 428):

1.   "The Court of Appeals has jurisdiction to hear and determine this case.   It does not 'involve the construction of the constitution of the State,' nor is it a case 'in which the constitutionality of any law of the State of Georgia  .  .  is drawn in question,' in contemplation of the amendment to the constitution, ratified November 7, 1916, relating to the jurisdiction of the Supreme Court.

"The record of the case, together with the query propounded by the Court of Appeals, shows that the trial judge, in rendering the judgment granting a new trial, declared a part of a statute of the General Assembly 'unconstitutional' without indicating whether it

offended against the State or the Federal constitution, and without pointing out what portion of either constitution it offended. The question propounded assumes that the ruling has reference to the constitution of Georgia. Even with this qualification the ruling is not sufficiently specific to afford a review of the same. A reviewing court can not ascertain what section or paragraph of the constitution the trial judge had in mind; and it is an unvarying rule that this court will not search through and consider the entire constitution, State or Federal, to determine whether the act offends in some particular, where none is specified. *Griggs* v. *State*, 130 *Ga.* 16 (60 S. E. 103); *Anderson* v. *State*, 2 *Ga. App.* 1 (58 S. E. 401). The judgment, therefore, in this case should be treated without reference to the constitutionality of the act, since this has not been drawn in question.

"2. The second question is answered in the negative. An employee of a railway company engaged in interstate commerce can not maintain a joint action against the company and its engineer under the 'Federal employer's liability act' of 1908, where concurring negligence of the interstate carrier and its engineer in the course of interstate commerce is alleged as the cause of the injury to the plaintiff. And this is true irrespective of any allegation as to a violation of the 'safety-appliance act' of Congress.

"The Federal employer's liability act imposes a duty upon the carrier, and this law is exclusive. All State laws which were applicable to such a case prior to the above enactment are suspended. *Landrum* v. *W. & A. R. Co.*, 146 *Ga.* 88 (90 S. E. 710); N. Y. Central R. Co. *v.* Winfield, 37 Sup. Ct. 546, 61 L. ed. 1045, Am. Cas. 1917D, 1139); N. Y. Central &c. R. Co. *v.* Tonsellito, 244 U. S. 360 (37 Sup. Ct. 620, 61 L. ed. 1194).

"This law, however, does not apply to the engineer. It is statutory, and its applicability is limited by its own terms to interstate common carriers. 'As only common carriers are liable under the act, an individual or a corporation not a common carrier can not be made a joint defendant. Nor can an employee of a defendant railroad company be joined with it as a defendant.' Richey, Fed. Em. L. Act (2d ed.), § 128, and authorities cited. See also Taylor *v.* Southern Ry. Co., 178 Fed. 380. In the case of *Western & Atlantic R. Co.* v. *Smith*, 144 *Ga.* 737 (87 S. E. 1082), this court decided that in a suit under the State law an employee of a rail-

road company could not join as defendants, in the same action, the employer company and another railroad company not sustaining the relation of employer. In such a case the rules of law applicable to the several defendants are not the same. To join defendants in one suit they must owe the same duty. 38 Cyc. 483. Where there is no joint duty there can be no joinder. 29 Cyc. 565, note 71. In a suit where the laws of this State are applicable to both the engineer and the carrier, they may be jointly sued for an injury caused by concurring negligence of the two. *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191).

"A conclusion contrary to the one stated above, even if it could be reconciled with the Federal statute, would lead to confusion and injustice. Under our Civil Code, § 4513, 'if judgment is entered jointly against several trespassers and is paid off by one, the others shall be liable to him for contribution.' If the carrier and its engineer were jointly liable under the conditions stated in the second question, a joint judgment would result against them, and they would be equally bound, regardless of the fact that the duties imposed upon them are not the same. The jury would have no power in such a case to specify the particular damages to be recovered of each, since Civil Code § 4512 is not applicable to personal torts. *McCalla* v. *Shaw,* 72 *Ga.* 458; *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870)."

*Main bill of exceptions dismissed. Judgment on cross-bill reversed. Broyles, P. J., and Bloodworth, J., concur.*