Judgment affirmed. <em>Jenkins and Luke, JJ., concur.</em>

DECIDED MAY 15, 1918.

Action upon bond; from Berrien superior court—Judge Thomas. September 10, 1917.

*Hendricks, Mills & Hendricks,* for plaintiffs.

*W. D. Buie, J. C. Smith, C. A. Christian,* for defendants.

---

9255.   KNIGHT <em>v.</em> ROGERS.

"The right to rule an attorney for money alleged to be in his hands as such depends upon the existence of the relation of attorney and client, and is limited to the client;" and where, from a petition for a rule to require an attorney to pay over money collected on an execution purchased by the petitioner, it appeared that the attorney made the collection before the purchase and before he was the petitioner's attorney, the petition was properly dismissed on demurrer.

DECIDED MAY 15, 1918.

Money rule; from Jeff Davis superior court—Judge Highsmith. September 26, 1917.

*Newton Gaskins,* for plaintiff, cited:   Civil Code (1910), §§ 4954, 5342; 6 Corpus Juris, 713; Gillespie *v.* Mulholland, 33 N. Y. Supp. 754, 12 Misc. 40; *Haygood* v. *Haden,* 119 *Ga.* 463 (distinguished).

*S. D. Dell,* for defendant, cited: Civil Code, § 4954; *Haygood* v. *Haden,* supra.

LUKE, J.   Knight brought a petition for a rule against Rogers, alleging that Rogers as an attorney at law was entrusted with a claim in favor of Leroi Turpentine Company, which was sued to judgment and was in the hands of Rogers for collection; that upon the representation of Rogers that the execution was collectible and that he would act as attorney for the petitioner in collecting it, he (Knight) purchased the execution, and Rogers agreed to and did become attorney for the petitioner for the purpose of collecting the entire amount shown by the execution; that prior to the purchase

of the execution Rogers had collected $2,050 of the amount due thereon, but he concealed this fact from the petitioner until after the purchase of the execution; and that after the purchase the petitioner demanded that Rogers turn over to him the money so collected, and Rogers refused to turn over the money. He prayed for a rule requiring Rogers to turn over the money so collected. Rogers demurred on the ground that the petition sets forth no cause of action, because it shows on its face that the relation of attorney and client as between Knight and himself did not exist at the time of the alleged collection, and therefore a money rule could not be maintained; and that Knight could not be subrogated to the relation held by the plaintiff in fi. fa. The court sustained the demurrer and, dismissed the petition.

"The right to rule an attorney for money alleged to be in his hands as such depends upon the existence of the relation of attorney and client, and is limited to the client." *Haygood* v. *Haden,* 119 *Ga.* 463 (46 S. E. 625). The petition in this case shows that the money sought to be recovered by money rule was collected prior to the purchase of the execution upon which the money was alleged to have been collected, and at a time when the relation of attorney and client did not exist between the plaintiff and defendant. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*