ATLANTIC COAST LINE R. CO. v. FEASTER.

(District Court, E. D. South Carolina. July 24, 1919.)

No. 209.

1. COURTS ⟨⟩508(8)—FEDERAL COURT INJUNCTION TO STATE COURT.

Where plaintiff refused to file in the state court his pleadings, etc., seeking in that way to prevent removal of the cause to the federal court, as proper transcript could not be made up, the federal court may enjoin plaintiff from further proceedings in the cause; but, where plaintiff by stipulation agreed to a method of curing the deficiency, no injunction on that ground can be issued.

2. COURTS ⟨⟩508(8)—ON REMOVAL, FEDERAL COURT MAY ENJOIN FURTHER ACTION IN STATE COURT.

Where the cause is a removable one, and a proper transcript has been filed, it has been removed to the federal court, and that tribunal may properly enjoin the parties from further action in the state court.

3. REMOVAL OF CAUSES ⟨⟩36—JOINDER OF DEFENDANTS.

Where plaintiff might properly join two defendants, his motive in joining them is not pertinent, nor will the mere fact that he did join them, to

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prevent one of the defendants from removing the cause, establish a fraudulent joinder to defeat removal.

4. REMOVAL OF CAUSES ⊘═50—ACTION NOT ON A SEPARABLE CONTROVERSY— STATE DECISIONS.

An action brought by an employé in a South Carolina state court against a Virginia railroad corporation and another for personal injury claimed to have been inflicted through the joint negligence of the defendants is not removable, in view of the decisions of the South Carolina Supreme Court, because the liability of the railroad company would be governed by the South Carolina Employers' Liability Act, while the responsibility of the individual defendant would be measured by the common law; the holding of the local court being that, although a different rule of law would be applied as measuring the liability of the two defendants, that would not be sufficient to change the general nature of the tort.

In Equity. Bill by the Atlantic Coast Line Railroad Company against H. E. Feaster. Injunction denied.

Rutledge & Hyde, of Charleston, S. C., for plaintiff.

Logan & Grace, of Charleston, S. C., for defendant.

SMITH, District Judge. This matter came up to be heard upon the notice of motion given on behalf of the complainant to the defendant, for an order restraining and enjoining the defendant, his agents and attorneys, from proceeding in any manner whatever in the court of common pleas for Charleston county in the action entitled "H. E. Feaster v. Atlantic Coast Line Railroad Company and R. S. Jones," pending in this court, in so far as the Atlantic Coast Line Railroad Company is concerned.

It appears that an action has been brought by the defendant, H. E. Feaster, in the court of common pleas for Charleston county, against the Atlantic Coast Line Railroad Company and one R. S. Jones, jointly, alleged to be jointly liable to the plaintiff, H. E. Feaster, for personal injury inflicted through their joint negligence in the operation of an engine of the complainant Atlantic Coast Line Railroad Company.

[1] Therefore it was sought by the defendant in that action, the Atlantic Coast Line Railroad Company, to remove the cause to this court upon the ground that the defendant Richard S. Jones has been fraudulently joined in that action as a defendant in order to prevent the removal of the same to this court; the cause, without the presence of the said Jones, being one between citizens of different states, and to remove it further upon the ground that inasmuch as the right of the plaintiff, H. E. Feaster, to recover against the railroad company depended solely upon the statute law of the state of South Carolina, known as the Employers' Liability Act (Act April 14, 1916 [29 St. at Large, p. 970]), and the right to recover against the codefendant, Richard S. Jones, if any, depended entirely upon the common law as administered by the courts of South Carolina, there existed a wholly separable controversy between the plaintiff, H. E. Feaster, and the defendant, the Atlantic Coast Line Railroad Company, which could be wholly determined between them without the presence of the other defendant, Jones, and therefore the case was removable.

⊘═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It was further alleged in the bill, and is set up as one of the grounds for the motion for injunction herein, that upon seeking to have the transcript made for the purposes of the removal, it was ascertained that the plaintiff, H. E. Feaster, had failed to file the summons and complaint in the record in the state court, and without those no transcript could be made up for removal, and that although demand had been made upon the attorneys of the plaintiff, H. E. Feaster, to file these papers, so that a transcript could be made up for the purposes of removal, they had failed and refused to do so. If this were the ground for the injunction, an injunction would unhesitatingly be granted by this court until this summons and complaint were filed, or until the lack of them could be supplied, so as to permit a proper transcript to be brought over into this court, for it to pass upon the question of removability.

It is manifest that the removal of a removable cause cannot be prevented by the failure of a party to the action to be removed to perform his duty and to file his pleadings, so as to permit the clerk to make up the proper transcript for removal. To hold otherwise would mean that the removal of a removable cause might be defeated by the refusal of a party to the cause to be removed to perform his duty and file the pleadings, or could be defeated by the action of the state court which would refuse to direct him to file the pleadings so as to afford the basis for a proper and sufficient transcript upon the application for removal.

Upon the hearing of this motion it was stipulated in writing, on behalf of the plaintiff in the action in the state court, H. E. Feaster, by his counsel, that the deficiency should be supplied, by filing in this court a copy of the summons and complaint admitted to be true copies, and the same should be treated by this court as if they had been duly certified hereto by the clerk of the state court, as a part of the transcript. That having been done, there is no longer any reason for granting an injunction on that ground.

[2] After this was done, however, by consent of counsel, the case was argued as if the proper transcript was in the court upon the question whether or not an injunction should be granted. This depends upon whether the case is a removable one. If the case is a removable case, and a proper transcript has been filed, and the case, in the opinion of this court, has been removed, it would be entirely proper to grant an injunction against the parties to the action in the state court, from doing anything further in that court under the principles of the decision in this court in the case of Frazier v. Hines, 260 Fed. 874, filed May 30, 1919.

[3] But whether or not this case is removable depends upon whether there is a separable controversy—a separable controversy which can be determined wholly and entirely between the plaintiff, H. E. Feaster, and the defendant Atlantic Coast Line Railroad Company, independent of the codefendant, R. S. Jones, and independent of the right of the plaintiff in this case to have the action tried as an action in which both parties were jointly liable to him. If the plaintiff had the right to bring his action against the defendants jointly, then his

motive in joining them is not pertinent, nor is the mere fact that he did join them, when he had the right to do so, any sufficient evidence to establish a fraudulent joinder to defeat a removal. There does not appear established any actual fraudulent joinder to defeat a removal.

[4] The position of the Atlantic Coast Line Railroad Company is that the statute known as the Employers' Liability Act passed by the state of South Carolina, on the 14th day of April, 1916, supersedes all law relating to the relations of the employer and employé in a case such as this, where the employer is a common carrier by railroad, and the right of the employé to recover depends entirely upon the terms of that act; whereas, his right to recover as against the other defendant, R. S. Jones, depends entirely upon the common law, making both employer and employé liable to the party injured in a case of injury caused by joint negligence; for this court cannot in the same cause administer a different rule as to liability to different defendants, the one being the liability imposed by the common law and the other being the rule as to the liability imposed by the Employers' Liability Act.

There are some aspects in which this position would appear to be logical and reasonable and there are decisions of respectable courts supporting it; but the Supreme Court of South Carolina, in the case of Powell v. Southern Railway Co., 110 S. C. 70, 96 S. E. 292, decided on the 15th of April, 1918, has decided explicitly that, although a railway company may be liable as an employer under the act of Congress entitled "Employers' Liability Act" (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. §§ 8657–8665]) the language of the South Carolina statute being the same, while the other defendant in that case may be liable under common law, yet that where the complaint alleged that the transaction was one and that both defendants had concurrent part in the transaction, it did not matter that the law cast upon each defendant a different duty thereabout; that that consideration does not separate them in the performance of the same act, and that the complainant had a right to allege the existence of a joint tort, and to recover upon the tort as a joint one, although a different measure of liability might be imposed by the court upon the separate defendants; that although a different rule of law would be applied as measuring the liability of the two separate defendants, that would not be sufficient to change the general character of the tort and convert the right against each defendant into a separable one.

This being a matter of local law under the practice in the state courts, it would appear to this court that it should be more controlling in this court, as the rule to be followed, than the diametrically opposite conclusion arrived at by the Supreme Court of Georgia in the case of Lee v. Central of Georgia Railroad Co., 21 Ga. App. 558, 94 S. E. 888. The conclusions of the Supreme Court of Georgia and the Supreme Court of South Carolina are absolutely irreconcilable.

In view of what appears to be the tendency of the Supreme Court of the United States to hold that, in these cases of liability for negligence, the local law of the place where the alleged tort was committed

should control, it would be safer to follow the rule laid down by the Supreme Court of South Carolina; and the injunction accordingly is refused at this time, without prejudice, however, to the right of the Atlantic Coast Line Railroad Company, upon argument for a remand or for the trial of the action in this court, to again bring the question before this court.