## 14260.　Carson *v.* Blair, administrator.

Bell, J.　1.　The statutory grounds of the disqualification of a judicial officer as contained in the Civil Code (1910), § 4642, are exhaustive, and a judge is not disqualified to preside in a given case merely because previously, as an attorney at law for one or both of the parties, he drew the contract on which the action or defense is founded. *Luke* v. *Batts*, 11 *Ga. App.* 783 (3) (4) (76 S. E. 165).

2.　A judicial officer is not disqualified to preside in the trial of a suit to recover, besides principal and interest upon a promissory note, a sum for attorney's fees under the provisions of the Civil Code (1910), § 4252, because of the mere fact that the attorney for the plaintiff is a son of the judge.　The stipulation in the note for the payment of attorney's fees was made for the benefit of the holder of the note, and presumably the suit, in counting for attorney's fees, is proceeding solely for the benefit of the plaintiff.　It is not to be inferred from these facts alone that the plaintiff's attorney is performing his services for a conditional or contingent fee.　In the instant case there was no evidence, introduced upon the motion to disqualify, which tended to show that the fees to be paid to the plaintiff's attorney were conditional or contingent upon the fact or amount of plaintiff's recovery.　See, in this connection, *Kirkland* v. *Kirkland*, 146 *Ga.* 347 (1) (91 S. E. 119).

3.　An assignment of error upon the refusal of the court to permit a witness to answer a question propounded on direct examination is incomplete and cannot be considered where it is not stated in the assignment what answer was expected and that the trial judge was informed thereof at the time the question was propounded. *Seaboard Air-Line Railway* v. *Vaughn*, 19 *Ga. App.* 397 (2) (91 S. E. 516).　The assignment here referred to shows only that the court excluded the testimony of the defendant's husband that he sought in her behalf to obtain an extension of the maturity of one of the notes.　It is nowhere assigned that the defendant offered or that the court rejected any testimony tending to show any agreement by the plaintiff granting the desired extension. Without more, no reversible error appears.

(*a*)　It is therefore unnecessary to determine whether, if the extension had been obtained, it would have been based upon a valuable consideration. *Bennett* v. *Williams*, 54 *Ga.* 526 (2).

(*b*)　There is no evidence in the record that the plaintiff at any time made an agreement, binding or otherwise, to extend any of the notes sued upon; and, no error being shown in the rejection of any additional evidence upon the subject, it was not improper to direct a verdict in favor of the plaintiff as against that part of the defendant's plea which set up that the notes were not due at the time of the institution of the action.

4.　That a note sued on and offered in evidence by the plaintiff, upon which a payment has been made, does not bear an entry of the fact and date of the payment, is no reason for excluding the note from evidence.　The burden of showing the facts touching a payment, or in relation to an extension of the remainder of a note in consideration of the payment of a part before maturity, is one to be carried by the defendant.

5. Where, under the provisions of the Civil Code (1910), § 4122, a vendee who is sued upon notes for the purchase-price of lands pleads a rescission on account of fraud, and where it indisputably appears upon the trial, from the evidence and the plea taken together, that on discovery of the fraud the vendee offered to rescind and restore the status, and that after this offer was refused the vendee made a partial payment of the purchase-price, seeking at the time an extension of the remainder of the note upon which the payment was made, that still later, when all of the notes, which under an accelerating clause had matured, were placed in the hands of an attorney for collection, the vendee tendered the remainder of the note which by its face had matured, and that the vendee continued in the unqualified possession and use of the property until and including the date of the trial, approximately two years from the time of the discovery of the fraud, there is no error in holding that the right of rescission was waived, and directing a verdict in favor of the plaintiff and against the plea. *Fannin* v. *Thomason*, 50 *Ga.* 614 (2) ; *Gray* v. *Angier*, 62 *Ga.* 596; *Tuttle* v. *Stovall*, 134 *Ga.* 325 (67 S. E. 806) ; *Couch* v. *Crane*, 142 *Ga.* 22 (7) (94 S. E. 888) ; *Legg* v. *Hood*, 154 *Ga.* 28 (2) (113 S. E. 642) ; *Sutton* v. *Coleman*, 27 *Ga. App.* 406 (108 S. E. 803) ; 4 R. C. L. 511-2, §§ 23, 24; 6 R. C. L. 932, § 316; 27 R. C. L. 658, § 420; 2 Black on Rescission & Cancellation, 1391-2, §§ 601, 602.

(*a*) If there was error in the rejection of evidence of fraudulent representations made by the plaintiff vendor in regard to the acreage before and at the time of the making of the sale, the error was harmless, since the evidence admitted conclusively showed that with knowledge of the fraud the defendant vendee had waived her right of rescission, there being no other plea upon which such evidence was relevant.

6. Irrespective of whether the facts stated above would bar the defendant from the right of an apportionment of the purchase-price because of a deficiency in the acreage, and of whether the evidence would have required a submission of that issue to the jury if pleaded, the court did not err in declining to submit such issue, there being no plea or prayer for an apportionment or reduction of the purchase-price. See Civil Code (1910), § 5636.

7. The evidence demanded a finding in favor of the plaintiff and against the defendant upon such pleas as were made, and the judge did not err in directing a verdict accordingly.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

  Decided October 11, 1923. Rehearing denied January 21, 1924.

Complaint; from Cobb superior court—Judge Blair. November 21, 1922.

Application for certiorari was denied by the Supreme Court.

*W. A. James, Neufville & Neufville,* for plaintiff in error.
*Anderson & Roberts, Clay & Blair,* contra.