32844.   ALLEN *et al. v.* COMMUNITY LOAN AND INVESTMENT CORPORATION.

DECIDED FEBRUARY 24, 1950.

*Frank A. Bowers, Frank Grizzard,* for plaintiffs in error.

*Samuel Green Jr.,* contra.

GARDNER, J. The defendants contend that the judgment of the Civil Court of Fulton County should be reversed because the election of remedies applies in the subject-matter of this suit, and that the plaintiff should be estopped from pursuing a different remedy after having failed to successfully prosccute its first remedy. Second, that the Civil Court of Fulton County erred in giving judgment for the property, since this court had previously ruled the corporation was not entitled to a special lien against the property. As to the first contention, we do not think that the principle of law with reference to election of remedies is applicable. The doctrine of election of remedies compels an election only as between inconsistent remedies. To apply for and obtain a judgment in personam and thereafter to prosecute a lien on specific property is not an inconsistent remedy. Therefore, the authorities cited by the defendants, to wit, *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (66 S. E. 29), *Equitable Life Assurance Society* v. *May,* 82 *Ga.* 646 (9 S. E. 597), *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359), *Chapple* v. *Hight,* 161 *Ga.* 631 (131 S. E. 505), *Adkins* v. *Dannenberg Co.,* 21 *Ga. App.* 526 (1) (94 S. E. 829), and Code § 28-105, do not apply.

■ The decision of this court in 78 *Ga. App.* 611 (supra), is not res judicata. The only question decided by this court when

68

this subject-matter was here before was that the judgment rendered for $386.10 could not be amended at a subsequent term of the court to set up a special lien against the property given to secure the debt. This court did not hold that the plaintiff could not pursue some other remedy .consistent with the first remedy. A discharge in bankruptcy as against a debt does not discharge a lien against the property. In *Berry* v. *Jackson*, 115 *Ga.* 196 (41 S. E. 698), the Supreme Court held that in a trover action a lien was still good despite a discharge in bankruptcy. See, in this connection, *Philmon* v. *Marshall*, 116 *Ga.* 811 (43 S. E. 48); *Morris Plan Bank* v. *Simmons*, 201 *Ga.* 157 (39 S. E. 2d, 166). A power of sale in a mortgage is not extinguished by a general judgment. *Kirkland* v. *Kirkland*, 146 *Ga.* 347 (91 S. E. 119). This bill of sale contained a power of sale. That remedy was not extinguished by the general judgment nor the bankruptcy discharge. This court in *Hughes* v. *Mount Vernon Bank*, 4 *Ga. App.* 23 (60 S. E. 809), held that the lien of a mortgage is not waived or lost by the taking of a general judgment which contains no reference to the lien. See, in this connection, Remington on Bankruptcy, paragraphs 3443 and 3449, and the many citations thereunder to the effect that a discharge in bankruptcy of the debtor did not discharge the lien of the creditor on the property. It is, therefore, our confirmed opinion that the judgment in the trover action for the property is valid. Under the facts of this case it appears to us to be good law as well as good morals. The defendants listed the debt, but did not list the property as an asset in the bankruptcy court. They freed themselves of the debt and now seek to possess themselves of the property as well.

The court did not err in rendering the judgment for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*