35526. HOLLEY *et al.* v. MUTUAL INVESTMENT CORP.

DECIDED APRIL 15, 1955.

838

*Scott Walters, Walters & Roberts,* for plaintiffs in error.
*Brown & Shoob,* contra.

NICHOLS, J. ■ The defendants excepted to the sustaining of the demurrer to their purported plea of res judicata. "Before the doctrine of res judicata can be applied, it must appear that a judgment has been rendered in a court of competent jurisdiction in a former litigation between the same parties, *based upon the same cause of action,* in which event the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue under the pleadings in the previous litigation." *House* v. *Benton,* 42 *Ga. App.* 97 (155 S. E. 47). In the present case the defendants filed a purported plea of res judicata, in which they set forth as an exhibit copies of the pleadings and judgment in a prior suit between the plaintiff and the present defendants. The suit in the previous action was upon a note for the balance due on the purchase price of certain personal property, which was sold under a title-retention contract. The plaintiff also prayed for a special lien upon the personal property covered by the conditional-sale contract. The present action is one in trover, and not an action to recover

money due under the conditional-sale contract. Accordingly, the cause of action is not the same in each case, and the trial judge did not err in sustaining the plaintiff's general demurrer to the purported plea of res judicata. See *Allen* v. *Community Loan &c. Corp.*, 81 *Ga. App.* 65 (57 S. E. 2d 703).

■ The defendants filed a plea and answer, in which they alleged that the plaintiff had already obtained a judgment against them for the property involved in the trover action and had thus been satisfied. They also alleged that the plaintiff had "transferred said box to Tom W. Vinson in a conditional-sale contract now in possession of the plaintiff, dated February 2, 1953, by way of conditional-sale contract and said plaintiff knows that these defendants do not have possession of said box nor title to said box."

With respect to the first defense above set forth, it must be said that the bringing of a suit for a money judgment, when it is not shown that the judgment has been fully satisfied, does not bar a subsequent action in trover, provided, however, any amount recovered by a money judgment in the trover action shall be used in reduction of the amount of the judgment in the suit on the contract. *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668) ; *Moon* v. *Wright*, 12 *Ga. App.* 659 (2) (78 S. E. 141) ; *Goldsmith-Leslie Co.* v. *Whitehead*, 41 *Ga. App.* 287 (152 S. E. 589). It is alleged that, by a conditional-sale contract executed February 2, 1953, the plaintiff "transferred" the property to one Tom W. Vinson, and that the plaintiff knows the defendants do not have possession of it. However, it is apparent from the exhibits attached to a part of the defendants' pleadings that theretofore they had purchased the same property from the plaintiff under a conditional-sale contract and had come into possession of it. The mere fact that they do not now have it—without it being shown that under some agreement with the plaintiff they were released from any obligation and that it was lawfully put into the possession of Tom W. Vinson, or otherwise disposed of in accordance with instructions of the plaintiff—does not negative conversion or wrongful disposition of the property. It is argued in the brief of the plaintiffs in error that by the aforementioned conditional-sale contract title was placed in a third party. This is, of course, a non sequitur, because if Tom W. Vinson bought

the property from the plaintiff under "a conditional-sale contract," the title was by such a contract reserved in the seller. The allegation of the plea shows no defense to the trover action, and the court did not err in sustaining the general demurrer thereto. *Jones* v. *Kimbrough, Bickers & Co.,* 137 *Ga.* 638 (74 S. E. 59).

■ The defendants in their amended motion for new trial argue that the trial court erred in admitting in evidence over their objection a conditional-sale contract, when the execution had not been proved, the witness identifying the contract testifying on cross examination that he did not see it signed. This contention is without merit for the reason that the defendants in their answer did not deny the allegations in the petition that title to the property was in the plaintiff, that they were in possession of the property, that they had executed the contract set forth in the petition, and that they had refused to deliver the property to the plaintiff. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444; Code (Ann. Supp.) § 81-103.

■ The evidence authorized the judgment of the trial court. .
*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*