41586. HILTON v. BAZEMORE.

ARGUED OCTOBER 6, 1965—DECIDED OCTOBER 15, 1965—
REHEARING DENIED NOVEMBER 18, 1965.

*L. H. Hilton*, for plaintiff in error.

*W. Colbert Hawkins*, contra.

HALL, Judge. 1. Where a demurrer explicitly limits its attack on the petition to one specific ground, the only question

raised in the court is whether the petition fails to set forth a cause of action for the particular reason stated in the demurrer. *Georgia Cas. &c. Co. v. Reville,* 95 Ga. App. 358 (1) (98 SE2d 210).

The right to a money rule under *Code* § 9-617 against an attorney at law depends upon the existence of the relation of attorney and client, and is limited to the client. *Breen v. Phillips,* 169 Ga. 13 (1a) (149 SE 565); *Endicott v. Grogan,* 86 Ga. App. 149 (70 SE2d 879). The petition here alleged that from the latter part of 1962 until April 1964 the relationship of attorney and client existed between the parties with regard to a claim against Roadway Express Company, Inc. for injuries sustained by the petitioner in an accident; that during the period of this relationship, the respondent without any authority from the petitioner, represented the petitioner in a claim growing out of the same accident before the South Carolina Industrial Commission against Nilson Motor Express, the petitioner's employer, and its workmen's compensation insurance carrier, and further represented to the Commission that he had a contract with the petitioner for the payment to him as attorney fees one third of any award, when in fact there was no such contract; that the respondent received from the insurance carrier the sum of $2,466.66 as his alleged fee out of an award of $7,400 entered by the Commission on July 22, 1964; that although a legal demand in writing was made upon the respondent for the sum collected by him as petitioner's attorney, the respondent failed and refused to pay over to the petitioner the whole or any part of the sum so collected.

The facts alleged show that the attorney, at a time when he was authorized to represent the client with respect to one claim, represented the client in a second claim without authority and falsely represented that he had a contract with the client for a fee of one-third of the recovery and that the attorney collected such fee from the adverse party after his representation of the client in the first claim had ended. The attorney's collection of the money grew out of his alleged unauthorized acts at a time when the attorney-client relationship existed between him and the plaintiff. The present case, therefore, is unlike *Knight*

*v. Rogers*, 22 Ga. App. 308 (95 SE 997). There the court sustained a general demurrer to a petition for a rule against an attorney when the allegations showed that the attorney had concealed from the client the fact that he had collected part of the money due on an execution before the plaintiff purchased the execution and employed the attorney to collect it. In those circumstances the collection of the money by the attorney did not grow out of the attorney-client relationship entered into after the collection.

The trial court did not err in overruling the general demurrer to the petition.

2. The respondent's amended motion for new trial contained the general grounds and two special grounds. The trial court sustained petitioner's motion to dismiss the respondent's amended motion for new trial on the ground that no approved brief of the evidence had been filed. The respondent contends that the special grounds were in effect a motion in arrest of judgment since they related to defects appearing on the face of the record (petition) and therefore no brief of the evidence was necessary for a consideration of the motion. However, while the respondent's demurrer was limited in that it challenged the petition for failing to set forth a cause of action for a specific reason, the judgment overruling the demurrer, adjudicating that the petition stated a cause of action, became the law of the case until vacated or reversed. Therefore, the trial judge did not err in dismissing the motion made after the rule absolute even though it was broader than the original demurrer in its attack upon the plaintiff's petition. *Georgia Cas. &c. Co. v. Reville,* 97 Ga. App. 888, 890 (104 SE2d 643).

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*